Boyce's Administrator, Appellant, *vs.* Cayce, Respondent.

1. The act of 1849, exempting property owned by a married woman before her marriage, &c., from sale under execution against her husband, in certain cases, does not affect the right of the husband to receive and dispose of his wife's property.

*Appeal from St. François Circuit Court.*

*M. Frissell,* for appellant.

*Glover & Campbell,* for respondent. The act of 1849 did not deprive Moore of the right to reduce his wife's interest in the estate of her father into possession, and dispose of the same as he might think best. Session acts of 1849, p. 67. *Holmes* v. *Holmes,* 4 Barb. S. C. R. 295.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiff in this suit was administrator of John Boyce, deceased. One Moore was married to a daughter of the intestate. Moore appointed Ignatius G. Beal his attorney, "to settle and complete the adjustment of his interest in right of his wife in the estate of John Boyce, deceased, and out of it to pay to Milton P. Cayce the amount of two judgments in his favor against Moore." The County Court of St. François county made an order of partial distribution, directing a sum of money to be paid to the wife of Moore. Beal, the attorney of Moore, directed the payment of the money thus ordered to be distributed, to be made by the administrator to Cayce. The administrator, (the present plaintiff,) supposing Beal's written power not sufficient, paid the money to Cayce, upon the written agreement of Cayce to refund it, if a sufficient power was not procured from Moore to Beal, "in as short a time as will be necessary." A power was again given by Moore to Beal, and a proper acknowledgment of the payment of the money was made by Beal, as attorney, and the plaintiff notified thereof. The death of Boyce was after the marriage of his daughter to Moore, and since the passage of the act of March 5th, 1849, which is amendatory of the act to regulate executions. Session Acts, 1849, p. 67.

1. The only question made by the appellant, who was plaintiff below, is, whether the first section of the act prohibited the appropriation of the money to which Moore's wife was entitled, as a distributee of her father's estate, to the payment of Moore's debt. It is clear, that while the section referred to exempts " the property owned by a woman before her marri-

age, and that acquired by her after marriage, by descent, gift, grant, or otherwise, and the use and profits thereof, from all debts and liabilities of her husband, contracted or incurred by him previous to their marriage, or previous to the time the wife came into possession of such property," the right of the husband to receive and dispose of his wife's property is not affected by the act. It professes to be an act amendatory of the act concerning executions, and the exemption it makes professes to be an exemption " in addition to the property now exempt from levy and sale under execution." There can be no doubt that the act does not apply to a case where the husband has received the distributive share of the wife, and applied it to the payment of his own debt. The judgment is, with the concurrence of the other Judges, affirmed.