E. G. TUTTLE *et al.*, Appellants, *v.* HENRY HOAG, Respondent.

1. *Husband and wife — Purchase of necessaries, husband liable for on the ground of agency.*—Where the wife purchases necessaries on credit, the law holds the husband liable on the ground of presumed or implied agency. But such contracts are held to be his, not hers.
2. *Married woman — Action against husband for goods sold wife — Husband not chargeable, when.*—In an action for goods sold and delivered to a married woman — it appearing in evidence that she was carrying on business in her own name; that plaintiff trusted her solely, and that the husband had no connection with the business, and in the absence of proof that he ever in any manner gave his consent to her management of the business — *held*, that the husband would not be chargeable for the debt.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler*, for appellants.

I. "If the wife trades in goods and buys for her trade, when she cohabits with her husband, his assent is to be presumed."

(Com. Dig., tit. Baron and Feme; Langfort v. Adm'r of Tyler, 1 Salk. 113; 3 Barn. & Cress. 638.) And it lies on the husband to show that the goods were furnished under such circumstances that he is not liable to pay for them. (Clifford v. Laton, 3 Car. & P. 15; 2 Bright Husb. Wife, 11, § 27.) The wife's contracts during cohabitation will bind the husband to a greater extent than for mere necessaries if the evidence warrants the inference that a more extensive authority had in fact been given. (2 Bright Husb. Wife, 9, § 14; 2 Mo. 69; Deerly v. Duchess Mazarine, 1 Salk. 116, note a; Reeves' Dom. Rel. 79, 80, note 2; Petty v. Anderson, 3 Bing. 173–4.)

II. The *femme* can in no case be sued upon a mere personal contract during coverture. (1 Chit. Pl. 58; 1 Taunt. 217; 4 Price, 48; 8 T. R. 545; 2 B. & P. 105; 3 Campb. 123; Com. Dig. Pl. 2, a 1; 2 T. R. 363; 2 Bright Husb. Wife, 297, 301, § 23.)

*Krum, Decker & Krum*, for respondent.

I. Even if the goods had been necessaries, the husband would not have been liable, since the presumption of his assent to their purchase would have been overthrown by the fact that credit was given the wife. (Metcalf v. Shaw, 3 Campb. 22; Bentley v. Griffin, 5 Taunt. 356; Moses v. Fogartie, 2 Hill, S. C., 335; Sturtevant v. Starin, 19 Wis. 268; Shelton v. Pendleton, 18 Conn. 422; Galusha v. Hitchcock, 29 Barb. 193; Godfrey v. Brooks, 5 Harrington, 396; Connerat v. Goldsmith, 6 Ga. 14.)

II. The power of the wife to bind the husband is founded upon the sole ground of agency. (Sawyer v. Cutting *et al.*, 23 Verm. 486; Benjamin v. Benjamin, 15 Conn. 347; 18 Wis. 608; Taylor v. Shelton, 30 Conn. 122.) The husband is not liable unless he has given his assent. (Selw. Nisi Prius, 288.) The cases in which the husband has been held liable for goods supplied to his wife, doing business as a trader, all depend upon the fact that the husband exercised some control over the business or received its profits, or that the proceeds were appropriated to his support and that of his family. (Petty v. Anderson, 2 Car. & P. 38.)

WAGNER, Judge, delivered the opinion of the court.

This was an action upon an account which was tried in the St. Louis Circuit Court on an appeal from a justice of the peace. Before the justice judgment was obtained for the plaintiffs.

The following facts appear from the record: The goods sued for were sold and delivered to Mrs. Hoag, wife of the defendant, by the plaintiffs. Mrs. Hoag was carrying on business in her own name when she bought the goods. She went into business against her husband's consent. She and her husband were living together at the same house where the wife carried on the business. The husband received none of the proceeds of the wife's business; he had a separate business of his own, and defrayed the family expenses. The wife did not pay any of the family expenses out of the proceeds of these goods or out of the profits of the business. They were sold to her on credit; the account was opened in her name, and she made the payments which were credited on the account. The defendant never made any payments, and was never called upon to pay.

Upon these facts the court sitting to try the cause, without the intervention of a jury, was asked by the defendant to make the declaration that the plaintiffs could not recover. The court refused this declaration, and of its own motion declared as a proposition of law that if defendant, Hoag, was living with his wife at the time the bill in question was contracted, and if, with his knowledge and permission, she purchased the goods for the purpose of carrying on the millinery business in the house where he lived, then such purchase should be deemed to have been made with his consent, and that she acted as his agent. Judgment was then given for the plaintiffs, which was reversed at general term, and the case is now brought here for review by appeal.

It is evident, from the circumstances of this case, that the declaration which induced the finding and judgment should not have been given. The case is brought here and argued upon a wrong hypothesis. The authorities referred to and relied on by the counsel for the appellant do not sustain the position he has

assumed in this court. They mostly relate to cases where the wife has purchased necessaries on credit, in which case the law presumes or implies an agency, or where an agency was proved as a matter of fact.

The husband is under a legal obligation to furnish the wife with what the law deems necessaries, and whatever may be suitable and requisite to enable her to go according to her situation and degree in life; and if he is neglectful she may contract for such articles, and he will be held liable on the ground of presumed authority. Such contracts are his, not hers.

A wife, as such, has no original or inherent power to make any contracts which are obligatory or binding on her husband. No such right flows from the marital relations existing between them. To give her a power in any case to bind him by her contract made in his behalf, it must be by virtue of a power derived from him and founded on his assent, though such assent may be either precedent or subsequent, and express or implied; and this is the light in which such contracts are universally viewed. When such authority is conferred, it is not by reason of any relation existing between them as husband and wife, but it comes more properly within those principles which, in ordinary cases, govern principal and agent. That the wife has the capacity to be constituted by the husband his agent, and to act as such equally with any other person, has long been an established and undoubted principle.

Mr. Selwyn, in his work on Nisi Prius, states the rule with great clearness and precision in treating of the liability of the husband as to contracts made by the wife during coverture. After laying down the general doctrine that the relation of husband and wife is, in respect of the wife's contracts binding the husband, analogous to the relation of master and servant, he says: "Indeed, in contemplation of law the wife is the servant of the husband," and after citing a passage from Fitzherbert to sustain that position, he continues: "From this passage it appears that the husband is not liable for his wife's contracts unless he has given his authority or assent," and he then adds: "It is incumbent therefore, on a creditor who brings an action

against a husband, upon a contract made with his wife, to show that the husband has given such assent, or to lay before a jury such circumstances as will enable them to presume that such assent has been given; and, in the latter case, if such presumption is not rebutted by contrary evidence, the jury may find against the husband, but not otherwise, for the wife has not any power originally to charge the husband." (Selw. Nisi Prius, 288.) These principles are founded in reason, and are sustained by all the authorities.

The two strongest cases quoted by the appellants are Petty v. Anderson, 3 Bing. 170, and Curtis v. Engel, 2 Sandf. Ch. 287, but both are clearly distinguishable from the case at bar. In the former the husband was identified with the business carried on by the wife, assisted in it, and subsisted on the profits; when the bill was presented to him he did not disclaim or repudiate it, but advised the plaintiff not to go to law, as he might have to take a less amount. These facts Best, C. J., commented on in his charge to the jury, and gave it as his opinion that they might well infer an agency or assent from them.

In Curtis v. Engel the question was, whether the separate estate of a married woman was chargeable for a general debt incurred by her. The wife carried on the millinery business in her own name, the husband aiding and assisting her in the management; and upon the evidence the court simply held that the goods were furnished to both husband and wife, and that the husband was liable, and that the credit was not given on the separate estate of the wife. But the facts in the present case are wholly different. The husband here gave no assent; on the contrary, he dissented. He had nothing to do with the profits; he rendered no assistance in the management of the business, and was not connected with it in any manner.

The law is well settled that if a tradesman furnishes goods to a wife and gives the credit to her, the husband is not liable though the wife lives with him, and he sees her in possession of the goods. (Bentley v. Griffin, 5 Taunt. 356.) In Metcalf v. Shaw, 3 Campb. 22, the defendant and his wife were living together. The goods were ordered by the wife alone, and she

gave her own note to the plaintiff for the amount of the purchase. The action was brought by the creditor against the husband for the price of the goods. Lord Ellenborough said: "The action clearly can not be maintained on the note, as the wife had no authority, general or special, from her husband, as his agent, to make it; and I think he is not liable for any part of the goods, on this plain ground: that they were not supplied on his credit, and the plaintiff looked to the wife alone for payment. The credit was given to the wife, and not to the husband." The cases are numerous affirming the same principle, and I am not aware of any authority asserting a contrary doctrine. (Connerat v. Goldsmith, 6 Ga. 14; Moses v. Fogartie 2, Hill, S. C., 335; Benjamin v. Benjamin, 15 Conn. 347; Shelton v. Pendleton, 18 Conn. 417; Taylor v. Shelton, 30 Conn. 122; Sawyer v. Cutting, 33 Verm. 486; Carter v. Howard, 39 Verm. 106.)

If a married woman makes a contract or incurs an obligation, and has separate property, equity would subject such estate to the payment thereof. (See the learned judgment of Leonard, J., in Whitesides v. Cannon, 23 Mo. 457.)

In a very recent case in this court it was held that when a husband permits a wife to carry on business on her sole and separate account, all that she earns will be deemed to be her separate property, and disposable by her as such, subject to the claims of third persons properly affected by it. (Coughlin et al. v. Ryan, 43 Mo. 99.) So, in Vermont, where a husband suffered his wife to set up the millinery business in her own name, and to manage it at her own discretion, he having nothing to do with making the purchases, keeping the accounts, or paying the debts of the business, and having furnished no capital for which he had not been repaid, and having had no communication with those of whom his wife made purchases, it was held that on equity principles the stock and property in the millinery shop should be treated as the separate property of the wife, and be held liable for her debts and subject to the demands affecting it. (Partridge v. Stocker, 36 Verm. 108.)

The plaintiffs having solely trusted the wife, and the husband

having had no connection with the business, and there being nothing to show that he ever in any manner gave his assent thereto, I am of the opinion that this attempt to charge him can not be sustained. The goods and the separate property of the wife might be reached by a proper proceeding in equity, but such a course has not been pursued.

The judgment will be affirmed; the other judges concurring.