# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1870, AT ST. LOUIS.

[CONTINUED FROM VOL. XLVI.]

---

SARAH N. CLARK, Appellant, *v.* THE NATIONAL BANK OF THE STATE OF MISSOURI, Respondent.

1. *Married women, deposits by — May be withdrawn by husband, when — Construction of statute.*—The statute concerning savings banks and fund companies (Gen. Stat. 1865, ch. 68, § 14; Wagn. Stat. 331-2, § 14) enables a married woman to deal with a bank without the intervention of her husband, in relation to deposits made by her; but it does not take from her husband his common-law right to reduce such fund to possession on his own checks.

2. *Married women, statute concerning does not prevent husband from collecting in wife's personal chattels.*— Section 14, chapter 115, Gen. Stat. 1865 (Wagn. Stat. 935-6, § 14), concerning married women, simply deprives the husband of his power to convey away his interest in the real estate of his wife, and its rents, issues, and profits, without her consent and co-operation. But it does not restrain him from collecting in and reducing to possession her personal chattels and choses in action.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish,* for appellant.

I. It appears in evidence, in this case, that the money deposited by plaintiff was the proceeds of real estate belonging to her.

II. The amount in suit the bank claims to have paid to her

2—VOL. XLVII.

husband on checks signed by him " Sarah P. Clark, by L. P. C. Clark." But the husband, by the very act of checking it out, recognized it to be her money by signing his name as her agent. No attempt is made to show that he was her agent for any such purpose. It is in evidence that he was not.

III. It is submitted that a fair construction of section 14, chapter 115, Gen. Stat. 1865, gives the wife a right to her separate estate as against her husband as well as his creditors. Boyce v. Cayce, 17 Mo. 47, and the cases following it, as Pawley v. Vogel, 42 Mo. 300, are interpretations of the act of March 5, 1849 (Sess. Acts 1849, p. 67), which was an act amendatory of an act concerning executions, and dealt merely with exemptions. The provision of section 14, chapter 115, Gen. Stat. 1865, is a new substantive provision, not under the head of "executions" or "exemptions," but under that of the "rights of married women."

IV. Section 14, chapter 68, Gen. Stat. 1865, authorizing plaintiff to deposit, authorizes her so far to make a contract with the bank, and the bank must be held to fulfill its own contract with its own depositor — to keep her money safely and pay it to her order in sums to suit.

*Calvin F. Burnes*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

It appears from the record in this cause that deposits were made with the defendant in 1867–8 in the name of the plaintiff, who was then a married woman. Of these deposits Mrs. Clark withdrew all but about $600 on her own checks, and her husband drew the balance. Since these transactions Mrs. Clark has been divorced from her husband, and this suit is brought to recover from the bank the amount paid him. It does not seem to be questioned that at common law the plaintiff's husband was clothed with authority, in virtue of his marital rights, to collect debts owing to his wife, and to reduce to possession her choses in action, of whatever name or description. It is contended, however, that our statute has modified the common-law rule on this subject, and divested the husband of that power in a case like the present.

The statute (Gen. Stat. 1865, p. 366, § 14) in relation to savings banks and fund companies, enacts that " married women may become stockholders, and may deposit money with any bank or savings institution incorporated under the laws of this State, or doing business by virtue of the several acts of Congress providing for the organization of national banks, and (that) any receipt or other acquittance given by such married women for such deposits shall be as valid and binding as if given by *femmes sole.*" This statute empowers a married woman to execute valid acquittances for deposits of the class mentioned, but leaves her in all other respects in the same condition she was at common law. Independently of the statute, she was competent to make deposits and hold shares in moneyed corporations. In such cases, if she survived her husband, she would hold the stock or deposit as against her husband's legal representatives, and so, except as to creditors, although the consideration of the deposit or purchase moved from the husband. (Fisk v. Cushman, 6 Cush. 20.) But this does not affect the right of the husband, during the lifetime of the wife, to reduce her chattels or choses in action to possession, and thus defeat her rights. The statute, then, has this extent and no more : it empowers a married woman, in the cases specified, to execute a valid receipt or discharge. It enables her to deal with the bank without the intervention of her husband, but it does not take from the husband his common-law rights in or control over the fund. There is nothing in the act to intimate such a purpose. When the Legislature shall deem it expedient to modify the common-law property relations between husband and wife, and to divest the former of his interest in and control over the personal effects of the latter, it will doubtless so declare in fitting and appropriate terms, and not leave its purposes in this respect to a doubtful construction. (See Boyce v. Cayce, 17 Mo. 47, and Pawley v. Vogel, 42 Mo. 300.)

Again it is suggested that section 14 of chapter 115 of the General Statutes (Gen. Stat. 1865, p. 464, § 14) has some bearing on this investigation. That provision has reference alone to the real estate of the wife, and the rents, issues, and profits thereof, and exempts such real estate, rents, issues, and profits

from seizure on the part of the husband's creditors. Its policy is to protect the wife, and the family as well, against the consequences of the misfortunes and insolvency of the husband. The only restraint it imposes upon the husband is that it deprives him of the power of conveying away his interest in the estate and its rents, issues, and profits, without the consent and co-operation of the wife. It does not restrain him from collecting in and reducing to possession her personal chattels and choses in action. The act was not designed to have that effect. (See authorities above cited.

Let the judgment be affirmed. The other judges concur.