ANDREW LEEPER and JOHN P. LEEPER, Administrators of the estate of JOHN B. LEEPER, deceased, Respondents, *vs.* WILLIAM D. McGUIRE and GUSTAVUS G. HENRY, Appellants.

1. *Agent of deceased person may testify as to transactions subsequent to the death.* —A transaction had by the agent of a deceased person, since the death of his principal, may be shown in evidence, but in such case the agent himself must testify.

2. *Administrator—Admissions touching estate, when incompetent.*—An administrator may testify touching transactions regarding the estate of the deceased which occurred before the granting of his letters ; but his admissions after he becomes administrator, affecting as they do the interests of the estate, cannot be proved.

*Appeal from Livingston Circuit Court.*

*Collier & Mansur*, for Appellants.

*Broaddus & Pollard*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought by the administrators of John B. Leeper, deceased, against McGuire and Henry, to recover the amount of a note for $800, payable twelve months after date.

There was no defense on the part of McGuire, the principal on the note; but Henry, who was surety, set up as a defense, that the creditor, through the agency of his son, the administrator of the estate, extended the time of payment of the note for twelve months after it was due, upon consideration of an agreement made by the principal, without consent of the surety, that he would pay compound interest.

The only question in the case arises upon the exclusion of testimony by the court which tried the case. The defendant Henry offered to prove by his co-defendant, McGuire, that he made and entered into a written agreement with Andrew Leeper, son and agent of the obligee, that in consideration of one year's extension, said McGuire would pay compound interest. This was excluded by the court on the ground that the obligee was dead and the witness offered was a party to the suit and a party to the note.

The defendant then offered to prove by the same witness, that he had a conversation with plaintiff, Andrew Leeper, adm'r, in which he admitted and recognized such written agreement; which was also excluded, because it was hearsay testimony, and because the administrator could not by admissions affect the rights of the estate.

The defendant, Henry, then offered to prove by his own evidence, that after the death of John B. Leeper, Andrew Leeper, the administrator, came to him and told him of the agreement of his co-defendant, McGuire, to pay compound interest on said note, etc. This was also excluded. This being all the evidence offered in the case, the court gave judgment for the plaintiff for the note and interest.

The case of Poe and others vs. Domic, (54 Mo., 124) decides that a transaction had since the death of the party, by an agent of the deceased, may be established, in conformity to the opinion of the court in Stanton vs. Ryan, (41 Mo., 510); but in such cases the agent must be called, who is competent to testify on such point.

In the present case, the agent was not called; and his admissions in conversations with the witness were proposed. The plaintiff, who was administrator, was competent to testify to transactions occurring before he obtained letters of administration; but his admissions after he became administrator could not be proved, affecting, as they would, the interests of the estate, and of others besides himself. (Allen vs. Allen's adm'r, 26 Mo., 328.)

Neither of the witnesses examined, therefore, had any right to testify of admissions by the plaintiff, administrator. There was no proof that the administrator was a distributee; and if he had been, he could not admit away the rights of his co-distributees, if there were such.

This evidence may also be excluded on the ground that a party to the suit could not testify as to the contract sued on, when the party with whom it was made is dead. The court, therefore, properly excluded the evidence.

It might be further observed, that, under the decisions of this court, the proposed testimony would not have been a defense. (Hosea vs. Rowley, decided at this term, *ante* p. 357.)

Judgment affirmed; the other judges, except Judge Sherwood, who is absent, concur.