6 | 157
41 | 394
6 | 157
44 | 39

---

AGNES PLOSS ET AL., Appellants, *v.* EMILE THOMAS ET AL., Respondents.

### June 4, 1878.

1. A conveyance of real estate made in consideration of the approaching mar- riage of the parties is good as between them, and cannot be attacked by those who were not creditors of the grantor at the date of the conveyance.

2. Where the husband permits the wife to carry on business on her separate account, all the proceeds are her separate property, and not subject to his debts. Nor will the fact that the wife employs the husband as salesman in her store, where she is really carrying on the business on her own account, with her own money, and according to her own judgment, subject her interest to the payment of her husband's debts, where the transaction is in good faith.

3. The limit of the assessment of value in a proceeding under the Sheriffs Act, where the property of a firm has been seized under an execution against one of the partners, is the value of the debtor-partner's interest.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

E. T. FARISH, for appellants : "Personal property purchased with the wife's own means, in her own name, for her own use, becomes her separate property."—*Spaulding* v. *Day*, 10 Allen, 96 ; *Coughlin* v. *Ryan*, 43 Mo. 99 ; *Leakey* v. *Maupin*, 10 Mo. 368 ; *Clark* v. *National Bank*, 47 Mo. 17 ; *Gillett* v. *Camp*, 19 Mo. 404 ; *Gentry* v. *Reynolds*, 12 Mo. 533. And is not subject to the payment of the husband's debts. — Wag. Stats. 935, sect. 14 ; *Faddis* v. *Woolomes*, 10 Kan. 56. A married woman may be a member of a trading partnership, if her husband is not a member thereof. — *Plumer* v. *Lord*, 5 Allen, 460. Though her husband be employed by such partnership. — 59 Barb. 61 ; *Tuttle* v. *Hoag*, 46 Mo. 38. Under a judgment against one partner, only his interest in the partnership stock can be subjected to the payment of the debt. — *Dilworth* v. *McKelvy*, 30 Mo. 149 ; *Gilham* v. *Kerone*, 45 Mo. 489.

JECKO, HOSPES & JECKO, for respondents : The deed from Ploss to his intended wife was fraudulent and void as to creditors. — *Pawley* v. *Vogel*, 42 Mo. 291. By the acts of the parties, Schoetler and John Ploss became partners ; they were the owners of the property, the wife being unable to contract. — Pars. on Con. 351 ; Chitty on Con. 160. Partnership property is subject to execution. — *Wiles* v. *Maddox*, 26 Mo. 77 ; *Gillham* v. *Kerone*, 45 Mo. 487 ; *Rapp* v. *Vogel*, 45 Mo. 524.

BAKEWELL, J., delivered the opinion of the court.

This was an action under the Claim and Delivery Act. The defendant Thomas, then sheriff of St. Louis County, on December 11, 1876, levied upon a horse and wagon, shelving, and other goods, being the stock in a grocery store, as the property of John Ploss, husband of the plaintiff Agnes, under a judgment rendered on January 14, 1876, and assigned to defendants Jecko and Hospes. The property was taken out of the hands of the sheriff under a delivery order, in the present action. This action is brought by Mrs. Ploss in her own right, together with one Charles Schoetler, plaintiff, claiming that Mrs. Ploss and Schoetler were co-partners, and that the property seized belonged to them as copartners. The answer denies the allegations of the petition, sets out the judgment and execution and levy by the sheriff, and says that the claim set up by Agnes Ploss and Schoetler is in fraud of the creditors of John Ploss. The cause was tried without a jury. The court assessed the value of the property at $1,155.35, and gave judgment for defendants that they recover the property or its assessed value, at their election. Plaintiffs appeal.

It appears from the testimony in the cause, that Agnes and John Ploss were engaged to be married. Ploss was in debt, and Agnes insisted that before their marriage he should convey to her his property, which consisted of two houses, so as to secure a provision for herself and her children, should she have any. This was done, in consideration of the approaching marriage, which took place on August 12, 1875, two weeks after this transaction. This property rented for $148 at the time of the conveyance. At the time of the marriage, Agnes had about $500 in cash. The money from the rents she saved and put with her other money in her wardrobe. In this way she had about $1,000 when, in December, 1875, she made an arrangement with Charles Schoetler to open, together with him, a grocery store on Ninth and Carr streets, each to furnish about $1,000

towards the capital stock. A written agreement to that effect was drawn up and signed by Schoetler and Mrs. Ploss, and the business was set on foot and carried on in the name of Ploss & Schoetler. John Ploss, the husband, was familiar with the grocery business, having been formerly engaged in it. Mrs. Ploss spent most of her time in the store, and attended to the business. Her husband was her substitute when she was not there. He was in the store continually, and worked there without compensation. His services were worth those of an ordinary salesman. The business went on in this way. The usual sales and replacement of goods took place ; part of the profits were drawn by the partners for their individual use ; that drawn by Mrs. Ploss was what was needed for the support of her husband and herself. On December 11th, the sheriff made the seizure which led to this action. The judgment against John Ploss was not obtained until more than fourteen months after the real estate had been conveyed to the plaintiff Agnes ; and it does not appear that the claim which was the foundation of the judgment existed at the date of the conveyance.

1. There is no doubt that the conveyance by John Ploss, as it reduced him to such a condition that an execution against him would be unavailing, would not be good as against any of his creditors existing at that time, and that the property conveyed by his deed to his future wife might by proper proceedings have been made subject to the payment of such debts. But so far as persons not creditors of John Ploss at the time are concerned, it does not appear that they can attack it. It was good between the parties, of course, and there is nothing to show that it was made with the intent to defraud any future creditors of Ploss. It does not appear that any who were creditors of John Ploss when this property was settled on his wife complain of the settlement deed, or have been in any way injured by its execution.

As against the defendants in the present action, then, this marriage-settlement was good, and the houses conveyed were the property of Mrs. Ploss before her marriage. The money which she had before her marriage remained her separate property. Sess. Acts 1875, p. 61. And the rents of her property, collected by herself, kept distinct, and never reduced to her husband's possession, were also hers. *Clark* v. *National Bank*, 47 Mo. 17; Wag. Stats. 935, sect. 14. It appears, then, that at the time the stock in the grocery-store was purchased, one-half of it was bought with her money which was not liable for her husband's debts. We see no reason whatever why she might not enter into a trading partnership of which her husband was not a member. It by no means follows from the fact that the contracts of a married woman cannot be enforced in law that she is therefore incompetent to contract. She can contract, can incur obligations, and equity will give effect to them and subject her estate to their payment. *Hooten* v. *Ransom, ante,* p. 19. Where a husband permits a wife to carry on business on her separate account, all the proceeds are her separate property; and where the husband furnishes no capital, makes no purchases, and pays none of the debts, and leaves her to her own discretion in the matter, the property is not liable to seizure by his creditors. *Tuttle* v. *Hoag,* 46 Mo. 38; 36 Vt. 108; *Coughlin* v. *Ryan,* 43 Mo. 99. Nor will the fact that the married woman employs her husband as salesman in her store, where she is really carrying on the business on her own account, with her own capital, and according to her own discretion and judgment, subject her interest in it to the payment of her husband's debts, where the transaction is in good faith.

The question is, after all, one of fraud, and will depend upon the facts; and where these are conflicting, or there is room for an inference against the *bona fides* of the transaction, the case must be left to the triers of the fact. A husband cannot, by carrying on his business in his wife's

name, withdraw his property from the demands of his creditors ; nor will a wife's property, which she has invested in a business that she is carrying on for herself in her own name, be liable to seizure for her husband's debts.

In the present case there is no pretence of fraud, except the alleged fraud upon creditors in the original deed to Mr. Ploss. John Ploss was not held out to the world, or to the creditors in the present case, as the Ploss of the firm of Ploss & Schoetler.

2. The court declared " the law to be that, under the circumstances, plaintiffs cannot recover ;" and further, " that defendants are entitled to have the value of the property assessed at the amount named in the execution under which the property was levied upon, but in no event at a greater sum than the actual value of the property seized at the time of the seizure."

There is no question that Schoetler owned an interest in the property seized. The sheriff's interest could be no greater than that of the execution-debtor ; and even if John Ploss was the partner of Schoetler, the property was a partnership asset, and not the exclusive property of John Ploss. The limit of the assessment of value, therefore, in a proceeding of this character, is not the actual value of the property seized, but the actual value of the debtor-partner's interest in the property seized. *Gillham* v. *Kerone*, 45 Mo. 487.

The judgment is reversed and the cause remanded. All the judges concur.