BROWN v. WOODY, *Administrator, Appellant.*

Dower: DAMAGES FOR DEFORCEMENT OF, HOW RECOVERED: ALLOW-
ANCE. An allowance against an estate, in favor of a widow for damages for deforcement of her dower, should, under Revised Statutes, 1879, section 2228, be enforced only against the estate in which dower was assigned.

*Certified from St. Louis Court of Appeals on Division of Opinion.*

REVERSED AND REMANDED.

PLAINTIFF regularly recovered judgment in Greene county for damages for deforcement of her dower there. That judgment was ordered certified to the probate court of Christian county for allowance against the defendant estate of A. Woody, deceased. It was accordingly allowed and placed in the fifth class. On appeal, that ruling was affirmed. *Brown v. Woody, Adm'r,* 64 Mo. 547.

Afterwards the land of deceased in Greene county (against which plaintiff's judgment for damages on account of dower existed) was sold on proceedings to that end. It did not realize enough to pay plaintiff's demand. In the present case it is sought to reach other

lands of the deceased and subject them to the payment of that judgment. The trial court made an order of sale to that effect. A majority of the St. Louis court of appeals affirmed that result (though reversing the judgment for a formal defect), but the court being divided on the subject transferred the cause here.

*James R. Vaughan* and *D. M. Payne* for appellant.

The claim or judgment, the payment of which is sought to be enforced in this case, is for damages on account of the deforcement of Jane Brown of her dower in certain Greene county lands, as will clearly appear from the record, and was so held in *Brown v. Woody, Adm'r,* 64 Mo. 547. Payment of such claims can only be enforced by execution or proceeding against the lands out of which the claim or judgment arose. R. S. 1879, sec. 2228 ; *Brown v. Woody,* 64 Mo. 547.

*C. W. Thrasher* and *J. J. Gideon* for respondent.

The classification of respondent's claim in the 'fifth class of demands, against the estate of said deceased, was appealed from by said administrator and affirmed by the supreme court in *Brown v. Woody,* 64 Mo. 547, and this court will not in this collateral proceeding undertake to readjudicate the same matter.

BARCLAY, J.—In *Brown v. Woody, Adm'r* (64 Mo. 547) it was ruled that, as no execution could properly issue against the estate of one deceased on a judgment for damages for deforcement of dower, such a claim should be certified to, and classified in the probate court as part of the proceedings of administration.

That is the extent of the ruling then made, having any bearing on the present controversy

But the allowance and classification of such a demand against the estate of a decedent do not enlarge the right to enforce it beyond the limits fixed by the law relating to dower.

By section 2228, Revised Statutes, 1879, it is provided that "In all cases of judgments for damages or yearly allowance in favor of any widow, under the provisions of this chapter, execution thereof shall be awarded only against the estate in which dower shall have been assigned." This is a clear declaration of the legislative intent to subject only the estate in which dower shall have been assigned to the payment of such damages. It is rendered clearer by a later section to the effect that upon the death of all the defendants in such an action, it may be renewed against the administrators and executors as in other cases, but any other person claiming title to the land may be made a party by his voluntarily appearing to such action as a defendant. R. S. 1879, sec. 2231.

We think it evident that the lands of deceased, other than those in which the dower right existed, were not intended to be subjected to the original judgment or the probate allowance based thereon. We must declare the law as we find it. The order of sale should have been denied.

The judgment is reversed and the cause remanded to the St. Louis court of appeals with directions to reverse and remand in accordance with this opinion. SHERWOOD, J., absent. The other judges concur.