CHICAGO COFFIN COMPANY, Appellant, v. MILDRED K. FRITZ, Respondent.

St. Louis Court of Appeals, May 13, 1890.

1. **Married Woman:** CHARGING SEPARATE ESTATE. If a married woman possesses a separate estate, and, after charging it with an indebtedness, forms a copartnership with another, and contributes her separate estate to the capital of such partnership, her interest in the partnership may be charged by suit in equity with such indebtedness; and this may be done after the death of her husband.

2. **Parties:** ACTION CHARGING INTEREST OF MARRIED WOMAN IN PARTNERSHIP WITH DEBTS. In an action to charge the interest of a married woman in a partnership, as her separate estate, with a debt contracted by her individually, her partner is a necessary party defendant.

*Appeal from the Hannibal Court of Common Pleas.*
HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED.

*Anderson & Schofield,* for appellant.

The petition is sufficient. It declares and the demurrer admits that the stock of goods sought to be charged is respondent's separate property—the proceeds or continuation in trade of the same stock owned by her separately at the time the debt was contracted; she being then a *feme covert* such obligation can only be enforced in equity against her separate property, even after dissolution of coverture. *Davis v. Smith,* 75 Mo. 219 (overruling *King v. Mittleburger,* 60 Mo. 182); *Hooton v. Ransom,* 6 Mo. App. 19; *Schaffer v. Ivory,* 7 Mo. App. 461; *Klenke v. Koeltze,* 75 Mo. 239. It is not alone the identical fund or specific goods constituting

a separate estate at any given time, but as well also the property in which such fund has been invested or for which such specific goods have been exchanged, that remains the separate property of the *feme covert*. *State to use v. Smit*, 20 Mo. App. 50 ; *State ex rel. v. Bank*, 80 Mo. 62 ; *Botts v. Gooch*, 97 Mo. 88 ; *Kidwell v. Kirkpatrick*, 70 Mo. 214 ; *Conrad v. Howard*, 89 Mo. 217. And a woman's separate estate shifts with her changing conditions and so remains whether she continue married or single ; in other words that which is once her separate property always remains her separate property or until she divests herself of it in the manner provided by statute. *Bank v. Taylor*, 53 Mo. 444 ; *Rieper v. Rieper*, 79 Mo. 352.

*Harrison & Mahan*, for respondent.

The petition did not state a cause of action, and objection to the introduction of any evidence was properly sustained. *Bank v. Collins*, 75 Mo. 280 ; *Arnold v. Brokenbrough*, 29 Mo. App. 625 ; *Coon v. Brock*, 21 Barb. 548 ; *Whiteside v. Cannon*, 23 Mo. 457, 472.; *Daily v. Mfg. Co.*, 88 Mo. 304 ; *Davis v. Smith*, 75 Mo. 224 ; *Bank v. McMenamy, Adm'r*, 35 Mo. App. 198 ; *Druhe v. DeLassus*, 51 Mo. 167 ; *DeBaum v. Van Wagoner*, 56 Mo. 349.

BIGGS, J.—This is a suit in equity brought by the plaintiff, in which the interest of the defendant Mildred K. Fritz in the firm business of Fritz & Curts is sought to be charged with a certain indebtedness, which the plaintiff alleged was due from the defendant. On the trial of the cause, the court on the defendant's objection refused to permit the plaintiff to introduce any evidence in support of its alleged cause of action, for the reason that the petition failed to state facts sufficient to constitute a cause of action. The plaintiff declined to amend the pleading, and the court thereupon

dismissed the bill and entered a final judgment in favor of the defendant. The correctness of this ruling is the only question presented by the record for our determination.

The plaintiff went to trial on its second amended petition, which, omitting the caption, is as follows:

" The above-named plaintiff with leave of court first obtained comes and for its second amended petition states:

"That on the fourth day of June, 1885, the plaintiff was, and from that time hitherto hath been and still is, a corporation duly incorporated under the laws of the state of Illinois, and engaged in the business of wholesale dealer in coffins and undertakers furnishing goods at the city of Chicago in the state aforesaid.

" That, at the time of the accruing to the plaintiff of the cause of action herein declared on, and of the several items of the account thereof, the defendant was a married woman, the wife of one Evans Fritz, and by and with the knowledge and consent of her said husband was engaged at the city of Hannibal, Missouri, as a sole trader in the business of an undertaker, and buying and selling coffins and undertakers furnishing goods; and which said business was carried on by her to her own sole and separate use, the stock of goods, wares and merchandise in her said trade being her separate property, having been purchased by her with her separate money and means.

" That, at divers dates, between said fourth day of June, 1885, and the nineteenth day of March, 1886, at the special instance and request of the defendant, the plaintiff sold and delivered to the defendant, to be used by her in her said separate business as a sole trader, divers goods, wares and merchandise, consisting of coffins and undertakers furnishing goods, which were by her added to, and placed for sale in, and thence afterwards composed a part of, her said stock in her

said separate trade; and which said goods, wares and merchandise were of the reasonable market value of three hundred and forty-one and eighty-four-hundredths dollars; which said last-mentioned sum the defendant then and there undertook, and faithfully promised, to pay plaintiff, when thereunto requested, and with the payment whereof the defendant then and there intended to charge, and did charge, her separate estate, and, especially, said stock in her said separate trade, together with all income, increase and profits thereof.

"That, at divers dates, between the twenty-eighth day of December, 1885, and the seventh day of May, 1887, the defendant paid, on said demand of plaintiff, various sums, amounting in the aggregate to one hundred and thirty dollars, leaving a balance due and owing the plaintiff thereon of two hundred and eleven and eighty-four-hundredths dollars; the particulars of all which, and also the credits thereon, will fully and at large appear by an itemized account thereof, filed with plaintiff's original petition in this cause, and now hereby referred to, and made a part of this amended petition.

"That on, to-wit, the —— day of ——, 188–, and after the sale and delivery of said goods, wares and merchandise by plaintiff to defendant, the defendant, sole and separate trader, as aforesaid, and by and with the knowledge and consent of her husband, entered into copartnership, in the said business of undertakers and dealers in coffins and undertakers furnishing goods, with her brother, Robert A. Curts, at the said city of Hannibal, under the firm name and style of Fritz & Curts. That defendant took into said copartnership business all, and singular, her then stock in trade aforesaid, and also invested, and embarked, therein a large sum of money, the income, increase and profit of her said separate trade and business, and, from the date last aforesaid, hitherto, the defendant has been, and still is, a full partner in said business and firm of

Fritz & Curts. That, during all that time, the defendant has been, and still is, the sole owner of a large interest in said firm business, with all, and singular, the stock in trade thereof, together with certain horses and wagons incident to, and used and owned in connection therewith; and that her present interest, to-wit, an undivided half interest in, and to, said property now owned by the said firm of Fritz & Curts, came to the defendant during her coverture, as aforesaid,—is the income, increase and profits thereof, and was acquired by her by her said trade and business, so conducted on her own separate account, and is of great value, to-wit, of the value of one thousand dollars, and now being in the stand, or store, of said firm at number 322 Broadway, in the city of Hannibal, Missouri, consisting of coffins, burial caskets, undertakers furnishing goods, shrouds, embalming case, implements, trimmings, stools, desks, show cases, and, generally, such goods, wares and merchandise as are usually kept in stock by the like establishments in large towns and cities in Missouri, together with said spring wagons, horses, harness, etc., used in connection therewith.

"That the defendant on, to-wit, the —— day of ——, 1888, became discovert by the death of her said husband, Evans Fritz, and has since been, and now is, sole and unmarried.

"Plaintiff further states that it will be in great danger of losing its remedy against the defendant, and against her said property, if the defendant be allowed to remain in possession and control thereof, selling and disposing of same in the usual course of trade, in which, with her said partner, she is now engaged.

"That, although often thereunto by the plaintiff requested, the defendant hath hitherto wholly neglected, failed and refused, and still refuses, to pay said balance of two hundred and eleven and eighty-four-hundredths dollars, due plaintiff, as aforesaid, or any part thereof, but the same, together with legal interest

thereon from the —— day of ——, 188–, on which said date plaintiff demanded of defendant the same, are yet due plaintiff, and unpaid.

"Wherefore plaintiff prays judgment for said sum of two hundred and eleven and eighty-four-hundredths dollars, with six per cent. interest per annum thereon from said —— day of ——, 188–, and costs; and that the court, by its appropriate order and decree, shall subject the interest of the defendant in all, and singular, the property and effects, accounts, choses in action, and other assets of the said firm of Fritz & Curts, to the payment of the plaintiff's demand, and that the court shall appoint a receiver to take charge of, keep and preserve the said property, and to take the business and business interest of the defendant, pending proceeding, according to the orders of the court; and for such other further and general relief as to the court may seem meet."

This record presents one of the many troublesome questions concerning the rights and liabilities of married women in respect of their separate property.

In 1885 the defendant was a married woman and with the consent of her husband she carried on a separate business as a "sole trader." This she might lawfully do. *Tuttle v. Hoag*, 46 Mo. 38; *Ploss v. Thomas*, 6 Mo. App. 157.

The averments in the petition are sufficient to show that the defendant, in the purchase of the goods from the plaintiff, created an obligation or debt which a court of equity, in a proceeding for the purpose, would declare to be a charge upon her separate property. This equitable charge could be made to extend not only to her stock in trade, but to any other separate property owned by her at the time when the debt was contracted. But the difficulty suggested by the defendant about the enforcement of the plaintiff's equitable right grows out of the subsequent change of the status of the separate

property owned by her at the time when the debt was created. She claims that the character and nature of the plaintiff's claim and the mode of its enforcement suggests the difficulty. If the property owned at the time when the debt was created had been disposed of, and other property of a like or different character had been substituted for it, the substituted property would be made to take the place of the original, and a court of equity would decree its sale in satisfaction of the debt; or, if the property sought to be charged had been mixed with other property belonging to third parties, but was still susceptible of identification, the creditor's right of action would be free from difficulty or doubt. In either case the judgment would be against specific and tangible property, and the question would be entirely free of difficulty. She claims, however, that additional complications are added in this case by the formation of the partnership of Fritz & Curts, and the transfer by her of her property to the firm, which are fatal to the present proceedings. In answer to this we say that the complications thus suggested are more apparent than real. Every partner is seized of the property belonging to the firm, and, unless restrained by the articles of copartnership, has an absolute right of disposition of that interest. By conveying his property to the firm he does not divest himself of that interest, although he shares it with another. If the defendant had been a *feme sole* when she made her contract, and had afterwards formed a copartnership, her interest in the assets of the firm or any part thereof would have been subject to levy, under *Wiles v. Maddox*, 26 Mo. 77, for the debt thus created. The rule established in that case has never been questioned since, but on the contrary has expressly been recognized in *Sheedy v. National Bank*, 62 Mo. 17; in *Shackleford's Adm'r v. Clark*, 78 Mo. 491, and in *McCoy v. Hyatt*, 80 Mo. 130. Now in point of fact the

defendant was a *feme sole* in equity when she made the contract, although she was a married woman. Her contract then made was an equitable charge on her property, and so remained as long as she retained an interest therein. The mere fact that, since the making of the contract, she has become discovert, does not change the character of her contract, nor relieve the property from this charge. No general judgment can be obtained against her, nor can a general execution be issued against her property, because the foundation of the judgment is still the contract, which she made while a *feme covert;* but there is nothing in the way of enforcing the claim in equity against the property which she sought to charge, and in which she still retains an interest.

This is not a proceeding by garnishment, legal or equitable, but a seizure of property. In this state equitable, as well as legal, rights in property are subject to seizure on execution and attachment, although claims affected by trusts are not subject to garnishment. *Lackland v. Garesche*, 56 Mo. 267. So far, therefore, from this case presenting any difficulties, the very difficulties, which Judge RICHARDSON suggests in *Wiles v. Maddox, supra*, are avoided by the fact, that the proceeding is one in equity, where all parties interested can be heard, and where the exact balance, which is due to the defendant as a partner, and subject to seizure in this proceeding, can be ascertained.

The demurrer interposed in this case is a general demurrer and not a demurrer for want of proper parties. The demurrer, therefore, concedes that the defendant at the date of the purchase was possessed of separate property as a *feme sole* in equity ; that by the purchase she intended to charge that property ; and that, at the date of the institution of this suit, she was still possessed of the substitute of such property, although she had placed it into a firm of which Curts is a member, being

according to the allegation of the petition entitled to one undivided half of all the assets of said firm. As the proceeding is in equity and affects the rights of Curts, he is a necessary party defendant, and should be made such by amendment. The demurrer, however, was not interposed on that ground, but was a general demurrer on the ground that the petition failed to state a cause of action against the demurring defendant. We are of opinion, for reasons above stated, that it was improperly sustained, and that the judgment must be reversed and the cause remanded to be proceeded with in conformity with this opinion. All the judges concurring, it is so ordered.