Baer v. Pfaff.

---

SIMON L. BAER, Respondent, v. JOHN PFAFF, Administrator of THERESA PFAFF, Deceased, *et al.*, Appellants.

St. Louis Court of Appeals, February 10, 1891.

1. **Married Women:** CHARGING SEPARATE ESTATE : PLEADING. When the separate estate of a married woman, charged with the payment of indebtedness, is sold after the contraction of the indebtedness, the proceeds, or other property acquired therewith, are answerable for the debt; but the fact of the conversion should be alleged in the petition for the enforcement of the charge.

2. ————: SEPARATE ESTATE. If a husband permits his wife to carry on business on her sole and separate account, all that she earns in the business will be her separate property.

3. Witnesses: DEATH OF PARTY: COMPETENCY OF AGENT OF OTHER PARTY. Although a contract in suit was made by one of the parties through an agent, the death of the other party will not render the agent an incompetent witness to prove the contract for his principal, if the principal is not a corporation.

4. Married Women: ADMINISTRATION: EXEMPTIONS IN FAVOR OF CHILDREN. The provisions of Revised Statutes, 1889, section 110, for exemptions in favor of children under the age of sixteen out of the estate of their mother only apply when their mother was a widow at the time of her death.

5. ————: ————: FORM OF DECREE. When an action is brought against the administrator of a married woman in order to charge her separate estate in his hands with indebtedness contracted by her, the decree should not extend to her entire estate, but should confine the charge to her separate estate, and should make provision for the apportionment of the separate estate among all the claims chargeable thereon.

6. Practice, Trial: PLEADING. A husband intervened in an action against the administrator of his wife, which sought to charge her separate estate with indebtedness contracted by her, and claimed as his own the property sought to be charged. *Held* that, inasmuch as his answer sought no affirmative relief, it should not be treated as a cross-bill, and that the claim made by that answer was determined by a general finding of the issues for the plaintiff.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*L. H. Breker, R. C. Buckner* and *Lubke & Muench,* for appellants.

*O. J. Mudd,* for respondent.

BIGGS, J.—Theresa Pfaff, the wife of Joseph Pfaff, died at St. Peters, in St. Charles county, in June, 1888. On the fifth day of that month John Pfaff, the defendant, was appointed administrator of her estate. He

took charge of, inventoried and sold as her property certain personal effects, consisting chiefly of furniture and pictures belonging to a hotel which Mrs. Pfaff had conducted and managed for two or three years prior to her death. The plaintiff is a grocery merchant engaged in business at St. Peters. On the seventeenth day of August, 1888, he brought this suit in equity against the administrator in which he claimed that Mrs. Pfaff, for some time previous to her death, had owned and conducted in her own name and for her sole benefit the hotel business, and a saloon in connection therewith; that, during this time, he sold to her groceries, vegetables and other supplies for her hotel, and that she died indebted to him on account thereof in the sum of $239.78. It was averred that, at the time of her death, Mrs. Pfaff was the owner of personal property, and the petition contains the statement that an itemized list of the articles so owned was attached to the petition, but such list nowhere appears in the record. The prayer was that a decree be entered, charging this property with the payment of the plaintiff's debt, and that the administrator be ordered to pay the amount found to be due out of the proceeds arising from the sale of this property.

The administrator's answer was a general denial. He also attempted to state an independent cause of action against the plaintiff in the nature of a counter-claim, but wholly failed to do so. The cause was submitted to the court, and the finding was in plaintiff's favor with the additional order that a copy of the judgment be sent to the probate court and the claim should be there classified in the fifth class of demands, and paid out of any assets belonging to the estate in the hands of the administrator. After the case was begun it appears from the record that Joseph Pfaff, the husband, was permitted by the court to enter his appearance, and be made a defendant in the case. He filed an

answer claiming that he was the owner of the personal property sold by the administrator.

I. At the close of the plaintiff's case the defendant claimed that the plaintiff's evidence was insufficient to authorize a judgment or decree. An instruction was asked to that effect, which the court declined to give. The defendant excepted to this adverse ruling, and he also called attention to it in his motion for a new trial. The refusal of the court to give the instruction is the basis of the first assignment of error in this court.

Before we pass to the discussion of the evidence, we wish to say that the plaintiff has proceeded on the theory, that the property still remained in specie in the hands of the defendant. It is shown by the evidence that, at the time this suit was instituted, the property had been sold by defendant as administrator. Therefore, the proper way would have been to allege these facts, in addition to others necessary to entitle the plaintiff to relief, and thereby seek to charge the proceeds with the payment of the debt. It is not necessary, as claimed by the defendant's counsel, that the identical property, owned by the *feme covert* at the time she contracted the debt, must remain to entitle the plaintiff to a decree. If the original property has been disposed of, and other property of a like or different character substituted, the substituted property must be made to answer for the original. This question was discussed and passed on by us in the case of *Chicago Coffin Co. v. Fritz*, 41 Mo. App. 389. On the same principle the proceeds of the sale in the hands of the defendant must take the place of the property itself.

A careful reading of the record convinces us that the plaintiff's evidence is sufficient to make out a case. We are satisfied with the court's finding concerning the character of Mrs. Pfaff's title to the property in controversy. The evidence is very satisfactory, that she bought and paid for the greater part of it out of the profits arising from the business of the hotel and saloon,

and that this business was conducted by her in her own name with the consent of her husband. The law is well settled in this state that, if a husband permits his wife to carry on business on her sole and separate account, all that she earns in the business will be her separate property. *Coughlin v. Ryan*, 43 Mo. 99 ; *Tuttle v. Hoag*, 46 Mo. 38 ; *Ploss v. Thomas*, 6 Mo. App. 157 ; *McCoy v. Hyatt*, 80 Mo. 130. The plaintiff's evidence also tended to show that, at the time the defendant made the inventory and took charge of the property, Joseph Pfaff was present, and all articles of furniture and other property claimed by him were turned over to him. We are also of opinion that the evidence was sufficient to establish the indebtedness. There was an itemized bill filed with the petition, and the plaintiff's clerks testified that this account was correct. They also testified that Mrs. Pfaff was furnished with a pass book, in which were entered all articles purchased, and that the account sued on was an exact transcript of the plaintiff's ledger and Mrs. Pfaff's pass book. The clerks did not pretend to call to mind the sale of each article, but they testified unequivocally that each article purchased was entered in Mrs. Pfaff's pass book at the time of the purchase, and that the account sued on had been compared with it and found to correspond.

II. It is insisted that the plaintiff's clerks were incompetent witnesses, in so far as they had personal transactions with the deceased in the sale of goods. We think that the case of *Stanton v. Ryan*, 41 Mo. 510, settles this question adversely to the defendants. It was there decided that, where a contract was made by an agent, the latter was a competent witness to prove the contract, whether the other contracting party was dead or not. The doctrine of this case was substantially reaffirmed in the case of *Leeper v. McGuire*, 57 Mo. 360. The subsequent case of *Williams v. Edwards*, 94 Mo. 447, only decided that where a contract is made by a corporation and its contracting agent dies, this renders

the other contracting party an incompetent witness. In construing and applying the statute to that case, the court makes the "agent" take the place of the corporation upon the ground, that a corporation can only act and speak through its agents and officers. In the case of *Robertson v. Reed*, 38 Mo. App. 32, the Kansas City Court of Appeals applied the same rule, and the plaintiff was held disqualified to testify, where it appeared that the contract on trial had been made with him by the defendant's deceased agent. But those cases are unlike this. The test to be applied is, would the plaintiff's clerks have been competent witnesses at common law? They certainly would. They had no interest in the suit and there is no rule, that we are aware of, that would have disqualified them. Our statute was only intended to modify the common law so as to permit a party in interest to testify in his own behalf, provided the other party to the contract in issue and on trial is alive, or is not shown to be insane. If either party to the contract is dead or is shown to be insane, the statute has no application, and the common-law rule must govern. This assignment will be ruled against the defendants.

III. It appears from the evidence that the deceased and Joseph Pfaff had one child under the age of sixteen years. The defendant, who is the guardian of the minor's estate, made application to the probate court for an allowance against Mrs. Pfaff's estate for $400, in favor of the child. The order making the allowance was entered by the probate court. The authority for this action of the court is supposed to be found in section 110 of the Revised Statutes, 1879 ( R. S. 1889, sec. 110 ), which reads :

" In case of the death of a father leaving no widow, but minor children under sixteen years of age, such minor children shall be entitled absolutely to the property and allowances that the wife would have been entitled to under the provisions of this chapter, if she had survived her husband ; and, in case a widow shall

die leaving minor children under sixteen years of age, they shall be entitled to the same property and allowances absolutely as the mother was entitled to take at the death of her husband.''

The defendant insisted that he was entitled to credit for the amount of the allowance. This contention was disregarded by the circuit court, and the defendant assigns this for error. It is quite evident that this section affords no authority or warrant for the allowance. This case is essentially different in its facts from that of *Lewis v. Castello*, 17 Mo. App. 593, upon which the defendant relies. In the latter case the mother of the minor was a *widow* at the time of her death. This entitled her child to an allowance out of her estate.

IV. It will be observed that the court in its decree directed that the judgment be classified by the probate court, and that the defendant should pay it out of any funds in his hands belonging to the estate. In some respects the decree was wrong. The decree should have made the plaintiff's judgment a charge upon the separate estate *only*, and its satisfaction should have been *confined* to such estate. *Davis v. Smith*, 75 Mo. 219; *Bank v. McMenamy*, 35 Mo. App. 198; *Brown v. Woody*, 98 Mo. 259. The decree should have contained the further condition that, if other demands of like character had been established against the separate estate, and there were not sufficient funds belonging to it to pay them in full, then the money should be distributed *pro rata*. But, as it appears that the only money in the hands of the administrator arose from the sale of separate estate, it will not be necessary to reverse and remand the cause on account of the informalities and defects in the decree.

V. Finally, it is insisted that the court failed in its decree to dispose of the issues presented by the separate answer of Joseph Pfaff, who had upon his own motion been made a party defendant. His answer

sought no affirmative relief against the plaintiff. Hence, it cannot be treated as a cross-bill. It merely put in issue the right of the plaintiff to have his debt satisfied out of the money in the hands of the administrator, because the property which the administrator had sold did not belong to Mrs. Pfaff, but did belong to the pleader. When the court found the issues for the plaintiff, it necessarily found against the husband the facts which would have warranted a finding in his favor. The judgment of the circuit court will, therefore, be affirmed. All the judges concur.