## ALSTON v, HEARTMAN, TREASURER, &c.

1. A promissory note, payable " to the Treasurer of the Manual Labor Institute of South Alabama," is a contract with the corporation, and no action can be sustained thereon in the name of the Treasurer; and the law would be the same, even if the association was not incorporated.

THE defendant in error brought an action of assumpsit against the plaintiff in the Circuit Court of Clarke on a promissory note of the following tenor : " Twelve months after date I promise to pay to the order of the Treasurer of the Manual Labor Institute of South Alabama, with interest, fifty dollars, payable and negotiable at the Branch Bank of the State at Mobile. February 26th, 1838.         W. W. ALSTON."

The declaration alledges the presentment of the note at the Bank at maturity, and its non-payment; and describes the plaintiff as Treasurer of the Manual Labor Institute of South Alabama, but does not aver in usual form that he is the Treasurer of the corporation.

A judgment by default was rendered against the defendant, to revise which he prosecutes a writ of error to this Court.

B. F. PORTER, for the plaintiff in error.
CRABB & COCHRAN, for the defendant.

COLLIER, C. J.—The points made by the assignment of errors, are—

' 1. The suit should have been brought in the name of the corporation, and not its Treasurer.

2. If the suit was properly brought, it should have been distinctly averred in the declaration, that the plaintiff was the Treasurer of the corporation.

1. It is an acknowledged principle of the common law, that whenever a *legal right* is created or liability imposed in favor of, or upon one or more persons by means of a promissory note, that right may be asserted, and that liability enforced by action, by and against all those persons. (Chitty on Bills, 566–9, Am. ed.) Let us test this question by that principle. Here the maker of the note did not contract with the plaintiff *eo nomine*, but his undertaking, literally interpreted, is to pay to " the Treasurer of the Manual Labor Institute of South Alabama,"—not to the individual who may fill that office at the time the note bears date, but to the officer, without reference to the changes that may be made in the office. Now, if the Treasurer for the time being could maintain an action on the note in his own name, by transmitting the right from incumbent to successor *ad infinitum*, it is clear, that his office would become *quasi* a corporation, and possess one of its essential attributes without the aid of a legislative grant.

The reasonable interpretation of the note upon its face is, that it is an engagement to pay a sum of money to which the Manual Labor institute was entitled, and the Treasurer, as its proper depository, was to receive it. In this view, no legal right to sue vested in the Treasurer, the corporation was the party contracted with, and in its name the action should be brought.

Where a contract appears to have been made with a corporation, though agents are employed to effect it, and there be a written promise to pay the agents *eo nomine*, it has been held, that the corporation must sue for the breach of such a contract. [Gilmore v. Pope, 5 Mass. Rep. 491. See also Bower v. Morris, 2 Taunt. Rep. 387; African Society v. Varick, 13 Johns. Rep. 38. See also 1 Pen. Rep. 115.]

But where there is nothing on the face of the writing to shew that the corporation was a party to the contract, though its name may be mentioned, the action must be brought in the name of the party who takes the legal interest. Thus in Buffum v. Chadwick, 8 Mass. Rep. 103, a prommissory note was payable to Arnold Buffum, agent of the Providence Hat Manufacturing Company, it was held, that an action lay by Arnold Buffum on the note, and his styling himself agent, &c. in his writ and declaration, was merely *descriptio personæ.* (Greenfield v. Yeates, 2 Rawles' Rep. 158; Binney v. Plumley, 5 Verm. 500.)

In Ewing v. Medlock, 5 Porter's Rep. 82, a promise in writing was made to the treasurer of an unincorporated association of individuals—it was held, that the contract was not with the individual who might be treasurer, but with the association; and that the treasurer could not maintain an action upon it. All the reasoning employed in that case, goes to shew, that the present suit is improperly brought.

We have considered this case upon the assumption, that the Manual Labor Institute was a corporation, without citing the statute that made it such, because its corporate character is undisputed ; but whether it be corporate or otherwise, the decision of the question examined must be the same.

Without examing the second point made, the judgment of the Circuit Court is reversed.