Mr. Chief Justice Johnson delivered the opinion of the Court. We entertain no doubt of the correctness of the decree rendered by the Circuit Court in this case. The statute, under which the proceeding complained of was had, makes the judgment against the principal, if not discharged before the expiration of the stay, operate as a joint judgment against the principal and stayer, and, as such, susceptible of being enforced against them both jointly, while living, or either upon the suggestion' of the death of the other. The case of Cabeness v. Garrett, 1 Yerg. 491, 493, is directly in point and entirely conclusive of this question. The statute of Tennessee, upon which that case was decided, provides, that “If the judgment shall not be discharged at the time the stay of execution has expired, then any justice of the peace of the county, having such judgment in his possession, may issue execution against the principal and his securities, without any intermediate process.” The court, in the case already referred to, when passing upon the true construction of the statute, said “ An execution issued against the principal, whose death had been suggested, and the stayer pursues the act of 1801, ch. 7, sec. 1, above cited. For, by it, the judgment against the principal, if not discharged before the expiration of the stay, operates as a joint judgment against the principal and stayer, upon which execution is to issue accordingly, both by this act and the common law.” Under this construction of the act in question, it is perfectly clear that, after the expiration of the stay, ' upon the suggestion of the death of the principal, an execution could legally issue against the bail. But it is contended that the respondent has lost his remedy against the bail by delay. If the stayer, upon the expiration of the stay, became a joint debtor with his principal and liable as such, he is equally subject to an execution within the period prescribed by the law. It is not alleged in the bill, as an objection to the issuance of the execution, that more than a year and a day have elapsed, and that no scire facias has been sued out against the bail to show cause against its issuance; and, in the absence of such allegation, the legal presumption is that no such ground of objection exists in fact. We are satisfied, therefore, from every view of the case, as presented by the record, that the bill contains no equity upon its face, and that, therefore, the Circuit Court decided correctly in sustaining the demurrer to it. The decree of the Circuit Court is therefore in all things .affirmed.