LOCKRIDGE *et al.*, Respondents, v. UPTON *et al.*, Appellants.

1. A notice given to the holder of a promissory note, by one who had signed the same as a security, in the following form : " Sir—You are hereby notified that I will not stand good as security any longer on the note you hold against Wm. Upton and myself as security. [Signed] A. B."—is not a sufficient requisition to sue within the meaning of the act concerning securities. (R. C. 1845, p. 993.)

*Appeal from Randolph Circuit Court.*

This was a suit upon a promissory note against Wm. Upton and G. W. Dameron. The defence set up by Dameron was that he had signed the note as security for Upton, and that plaintiffs had failed to institute suit against the parties liable on the note within the requisite time after a requisition to sue given by Dameron to one of the plaintiffs, who were the payees of the note. The notice given by Dameron was not produced, it having been lost; but it was proven by parol evidence to have been as follows: " W. Y. Lockridge: Sir—You are hereby notified that I will not stand good as security any longer on the note you hold against Wm. Upton and myself as security. [Signed] George W. Dameron."

*Reed, Denny* and *Prewitt,* for appellant, cited Routon's Administrators v. Lacy, 17 Mo. 399; 2 Yerg. 476; Beattie v. Butler, 21 Mo. 314.

*Burckhartt,* for respondent, cited R. C. 1845; Parish v. Gray, 1 Humph. 88; Greenawalt v. Kreider, 3 Barr, 264; Cape v. Smith, 8 S. & R. 110; Sappington v. Jeffries, 15 Mo. 698.

LEONARD, Judge, delivered the opinion of the court.

The notice was that defendant " would not stand good as security any longer," and we think the Circuit Court was right in declaring it to be insufficient as a *requisition to sue* within the meaning of our statute. In Greenawault against Kreider, (3 Barr. 265,) the security, after referring to a note held by the party against a third person, in which the party giving the notice and another were sued to be bail, formally notified the payee that " he would no longer be considered bail," and requested him " to take another bond from the principal or payment," and this was held to be an insufficient requisition to sue, and the remarks of the court in that case are marked with much good sense. The request " to take payment," it is said, might

perhaps be taken as a hint to sue, but *a hint is not enough.* There ought to be an explicit direction to sue, that there may be no misapprehension of the meaning. It is as easy to speak out plainly as mysteriously, and there would be no certainty in the rule if it left the courts to grope for the meaning of the party among ambiguous words. Cases will arise in which it would be difficult to determine, and in the end there would be no rule at all. Nor would the creditor know how to keep himself safe unless he were to fly at the principal on the first intimation of the surety's impatience. In Parrish v. Gray, (1 Humph. 88,) "I wish you to collect the debt of Polson, wherein I am security," was held to be insufficient as a notice to sue, within the meaning of the Tennessee statute upon the subject. No set form of words is necessary. The notices are usually drawn up by the parties themselves, without the aid of counsel, and nothing more ought to be required than a substantial compliance with the statute. But then it is to be observed that they are given *to* as well as *by* plain men, and that the former act upon them without the aid of counsel to guess out their meaning ; and we must take care that the surety is required to express his meaning so unequivocally that one unlearned in the law may understand, without difficulty, what is demanded of him. What would be a *sufficient hint* to a lawyer would perhaps fail altogether in suggesting to one unlearned in the law that he was required forthwith to collect his debt by suit. The judgment must be affirmed.