33  443
97  646

## SAVAGE'S ADM'R *vs.* CARLETON.

[ACTION AGAINST SURETY ON PROMISSORY NOTE.]

1. *Notice to creditor to sue principal.*—A letter, written by the surety to the creditor, containing this language, " I am desirous that you should bring suit on M.'s note, on which I am surety, and would prefer that you enter suit in this county, early in August, so that the principal would not have the same time to dodge," is not such a notice to sue (Code, § 2647) as will discharge the surety if the creditor fails to sue as requested.

APPEAL from the Circuit Court of Clarke.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by James C. Savage, as the administrator *de bonis non* of James Savage, deceased, against Alexander Carleton; and was commenced on the 1st March, 1858. The cause of action was a promissory note for $860, executed by the defendant and one John E. Macon, (the former as surety for the latter,) dated the 13th February, 1854, and payable twelve months after date, to A. M. Creagh, as the administrator of said James Savage, deceased. The defendant pleaded, "that he is surety on said note, and is released from all liability thereon by having given the notice required by section 2647 of the Code." The case was tried on the following agreed facts:

"J. E. Macon is the principal in the note sued on, and the defendant is his surety thereon. During the year 1856, R. C. Torrey was the administrator *de bonis non* of the estate of the said James Savage, deceased, and, as such, was the owner and holder of the said note. About the 23d June, 1856, said Torrey received by mail from the defendant a letter, dated the 16th June, 1856, as follows:

"'Dear Sir: I am desirous that you should bring suit on J. E. Macon's note, on which I am security, to A. M. Creagh, administrator of J. Savage's estate, due about January, 1854, for somewhere about $860 when given, before any payments were made. I should prefer that you would enter suit early in August, in Clarke county, so that the principal could not have the same time to dodge. You might then obtain judgment in Clarke county, so that yours would be older than judgments obtained in Marengo.'

"To this the owner of the note, said Torrey, on the 2d July, 1856, replied in the following letter:

"'Dear Sir: I have received yours of the 16th June, in reference to Macon's note for $860. He paid me $400 last court, and said he would pay the balance when I insisted on it; but would prefer that I should wait

Savage's Adm'r v. Carleton.

awhile. I will send a complaint, &c., and get him to accept service. Are his creditors pushing him in Marengo ? '

"At this time the defendant resided in Clarke county, and said Macon in Marengo county. Torrey did not bring suit to the next term of the circuit court of either Clarke or Marengo county, although the time was ample therefor."

"Thereupon the court charged the jury, that the notice sent by the defendant to Torrey, in June, 1856, as set forth in the agreed statement of facts, was sufficient to discharge the defendant from all liability as surety on the note, suit not having been brought to the first court thereafter ; it being admitted that said Macon was in Marengo county, and could have been sued to the first court after the notice."

The charge of the court, to which the plaintiff excepted, is the only matter assigned as error.

R. C. Torrey, for the appellant.

William Boyles, contra.

RICE, C. J.—If the charge of the court can be sustained at all, it must be by virtue of section 2647 of the Code, which provides, that "a surety upon any contract for the payment of money, or for the payment or delivery of personal property, may require the creditor, or any one having the beneficial interest in the contract, by notice in writing, to bring suit thereon against the principal debtor, or against any co-surety to such contract; and if suit be not brought thereon, pursuant to such notice, to the first court to which suit can be brought after the receipt of such notice, and prosecuted with diligence according to the ordinary course of law, the surety giving such notice is discharged from all liability as surety, or his aliquot proportion of the debt, as the case may be. One surety may give the notice in behalf of his co-sureties."

The notice relied on to discharge the surety in the case at bar, is not "such notice" as is prescribed in the section of the Code above quoted. It is not a notice to the

creditor " *to bring suit* " on the note against the principal, or against a surety. It contains no language which can be fairly construed into *a demand or requisition* on the part of the surety, that suit *should be brought* on the note. It does not convey the idea that the surety is therein asserting *a right* to have suit brought on the note, but amounts, at most, only to the expression of his *desire* and *preference* that the creditor should sue on the note. A mere expression by a surety of his *desire* and *preference* that suit should be brought on a note, is not " a notice in writing *to bring suit* thereon," within the meaning of section 2647 of the Code.—Shehan v. Hampton, 8 Ala. 942.

The court below, in its charge, gave an effect to the notice relied on by the surety to which it was not entitled; and for that error, its judgment is reversed, and the cause remanded.