MOORE ET AL. v. PETERSON ET AL.

1 **Principal and Surety:** NOTICE TO SUE: DISCHARGE OF SURETY. The notice which a surety may give to a creditor to sue, contemplated by section 2108 of the Code, is a notice to sue upon the *contract*, and not notice to sue the principal debtor only; and a failure by the creditor to comply with a notice requiring suit to be begun against the principal debtor alone will not discharge the surety. The statute, being in derogation of the common law, must be strictly complied with. *Harriman v. Egbert*, 36 Iowa, 270, followed.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 8.

THE plaintiffs sold and delivered goods to the defendant, W. H. Peterson, and they bring this action against him on his contract to pay for the goods, and against the defendant, S. P. Harvey, as guarantor of the contract. The defendant, Harvey, filed a separate answer, alleging that he had become discharged by reason of the fact that he, in writing, required the plaintiffs to sue Peterson, or permit him to do so at his cost in the plaintiffs' name, and the plaintiffs refused to do either. The plaintiffs demurred to the answer upon several grounds, one of which was that the "said alleged notices do not require plaintiffs to sue on the contract on which the defendant is liable, and in terms limit the suit to be brought against the defendant, Peterson, to the exclusion of defendant,

Harvey." The court sustained the demurrer, and the defendant, Harvey, electing to stand upon his answer, judgment was rendered against him. He appeals.

*W. D. Reed*, for appellants.

*Mitchell & Dudley*, for appellees.

ADAMS, J.—Section 2108 of the Code provides that "when a person bound as surety for another for the payment of money, or the performance of any other contract in writing, apprehends that his principal is about to become insolvent, *   *   *   *   he may, by writing, require the creditor to sue upon the same, or permit the surety to commence such suit in such creditor's name, and at the surety's cost." Section 2109 provides that " if the creditor refuse to bring suit, or neglect so to do for ten days after the request, and does not permit the surety so to do, and furnish him with a true copy of the contract or other writing therefor, and enable him to have the use of the original when requisite in such suit, the surety shall be discharged." Section 2110 provides that " when the surety commences suit he shall file his undertaking to pay such costs as may be adjudged against the creditor, and the suit shall be brought against *all the obligors,* but those joining in the request to the creditor shall make no defense to the action, but may be heard on the assessment of damages." The notice given by Harvey, and relied upon by him, after setting out his apprehension, concludes in these words:   "Therefore, I again notify and request you to begin suit against W. H. Peterson for the collection of the amount due, for which I am his surety, or permit me to begin suit against him in your name at my cost."

The question presented is as to whether this is a sufficient notice under the statute. In determining this question, we have to observe, first, that the statute is in derogation of the common law. Whoever sets up a discharge thereunder should

show that he has complied with the statute with reasonable strictness.

Looking at the notice above set out, it will be seen that the plaintiffs were not notified in terms to sue *upon the contract*, but merely to sue Peterson, or permit the defendant, Harvey, to sue him in their name. The plaintiffs were entitled to the alternative of suing both Peterson and Harvey, or having them both sued by Harvey. It is manifest, upon looking at the notice, that Harvey did not contemplate such suit, and, especially, if the suit was to be brought by himself. He should, we think, have brought himself within the provision, by notifying the plaintiffs to sue on the contract, or to permit him to do so; the fair meaning of which would have been to sue, or permit suit, for all the rights which the plaintiffs had under the contract. Not having brought himself within the provision, as we view it, the plaintiffs were not warned that a discharge would be claimed in case of a refusal, and were not called upon to act. *Harriman v. Egbert*, 36 Iowa, 270. We think that the demurrer was rightly sustained.

.AFFIRMED.