## Staunton.

### COLEMAN V. STONE.

#### September 13th, 1888.

PERSONAL REPRESENTATIVES—*Principal and surety—Delay—Case at bar.*—
Creditor proved debt against decedent's estate, but delayed to prove
one for which decedent was surety. After latter debt had been due
twenty-five years, though not barred, he filed his petition in creditors'
suit against decedent, explaining his delay, and that there was in court's
hands enough to pay his debt. No contract for the delay existed, and
no notice to proceed against principal had been given.
HELD:
  Creditor entitled to the relief prayed for.

Appeal from decree of circuit court of Montgomery county,
rendered at its May term, 1886, in a chancery cause of R. M.
Craig's Administrator against W. A. Stone's Executor and others.
In that suit W. M. Coleman filed his petition setting up a debt
against W. E. Stone as principal and W. A. Stone as surety.
The decree being adverse to petitioner, he appealed. Opinion
states the case. Argued at Wytheville, decided at Staunton.

*I. H. Larew,* for the appellant.

*Phlegar & Johnson,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

The facts of this case are as follows: In 1871 the appellant,
W. M. Coleman, held two bonds, the one executed by W. A. Stone

alone, and the other for $600, dated January, 1861, and payable
on demand by W. E. Stone as principal and his father, said W. A.
Stone, as surety. This suit, which was a creditors' bill, was then
pending in Montgomery circuit court, the testator's executor
being said W. E. Stone. An account of debts being taken under
a decree in the suit, the appellant proved the debt due him by
W. A. Stone as principal, and he forebore to prove the other debt
against him as surety for his son, as he did not wish to press his
friend, W. E. Stone, who was the principal therein. The account
was returned and confirmed in 1876. In 1871, and for several
years thereafter, W. E. Stone was solvent, so far as went the
knowledge of the appellant, who resided in a distant county.
He, however, became insolvent in 1881, and when the appellant
learned of his insolvency, he, in 1884, sent the $600 bond to an
attorney for collection.

W. E. Stone died insolvent, and his estate was committed to
the sheriff of Montgomery county for administration. He had
admitted his indebtedness on said bond to the last, and promised
payment by his letters, which are part of the record. At the
May term, 1886, W. E. Stone's estate being insolvent, the ap-
pellant presented his petition in said cause of Craig's Adm'r
against W. A. Stone's Ex'or and others, to the circuit court, setting
up his said $600 bond against the estate of W. A. Stone, as
surety, stating that it had never been paid, explaining why it
had not been before pressed, alleging that lands of the testator,
W. A. Stone, had been sold under decrees in the suit to pay
debts, but that a surplus remained which was wholly under the
control of the court and had not been disbursed or distributed
among the said heirs, and praying that he be made a party
plaintiff in said suit on the usual terms, and that W. E. Stone's
said administrator and heirs at law be made parties. At that
term the cause came on to be heard on the papers formerly read,
and a written agreement of the facts pertaining to said claim,
and on the motion of the adult defendants to dismiss the appel-
lant's petition. And, on consideration thereof, it was decreed

that the said petition be dismissed, and that the petitioner was not then entitled to prove his claim in the cause.

From this decree the said Coleman obtained an appeal from one of the judges of this court.

The mere statement of the facts of this case is sufficient to demonstrate that the decree is erroneous and must be reversed.

It is true that the agreed facts disclose that W. E. Stone had agreed to pay off this debt in installments, but there was no agreement for a valuable consideration binding the appellant to suspend his right to collect his debt by legal process for any definite period—that is, such an agreement for indulgence to the principal as released the surety according to well settled principles which have been time and again approved by the decisions of this court. See *Updike* v. *Lane*, 78 Va. 132; *Dey* v. *Martin*, Id. 1; *Harnsberger* v. *Geizer*, 3 Gratt. 144; *McHenly* v. *Waller*, 1 Leigh, 453; *Alcock* v. *Hill*, 4 Leigh, 673.

Nor was said bond within the bar of the statute of limitations, though it became payable at its date, over twenty-five years ago, the stay-law and war period being deducted agreeably to the statute and often repeated decisions of this court. Nor does it appear that the surety, or his representative, had ever given the appellant notice, under sections 4 and 5, ch. 144, Code 1873, to proceed against the principal. Without such notice, it being well understood that the creditor loses no rights as against the surety by failing to press collection from the principal.

It appears that there is under the control of the circuit court of Montgomery county a fund amply sufficient to pay the appellant's debt, and we know of nothing in law or reason why that fund should not be subjected thereto, as all other debts against the estate seem to have been discharged. Even had this fund been distributed among the heirs or legatees of the testator, it is every-day practice to pursue money or lands which have gone into the hands of legatees or heirs and reclaim it for application to the testator's debts which may remain unpaid, as was done in the case of *Updike* v. *Lane, supra.*

We are therefore of opinion that the said decree be reversed and annulled, with costs to the appellant, and that the cause be remanded to the said circuit court for further proceedings to be had therein in conformity with the views herein expressed.

DECREE REVERSED.