# Darby *v.* Berney National Bank.

97  643
103  100

### Action on Promissory Note.

1. *Legal effect of note payable to cashier.*—A bank may sue as payee of a note payable to the cashier, alleging that the promise was made to it by the name of its cashier, or that it was thus intended to designate the plaintiff.

2. *Plea must state facts.*—A plea of want of consideration in an action on a note, is defective when it fails to state the facts upon which reliance is had to defeat the action. .

3. *Consideration need not benefit surety.*—A plea by a surety that no consideration moved to him and failing to negative a consideration moving to his principal, is defective.

4. *Surety can not plead neglect to file claim against estate.*—The failure of the holder of a note to file it as a claim against the estate of the deceased principal, will not discharge the surety.

5. *Requisites of notice by surety.*—The notice to the creditor by the surety under section 3153 of the Code must be in writing ; and a notice requiring the creditor to "collect" the claim of the principal, is not a compliance with the statute providing for a notice requiring the creditor to bring suit.

6. *Plea of failure to sue principal must aver that damage resulted.*—A

plea at common-law averring that the surety was discharged by reason of the failure of the creditor to sue the principal after notice by the surety, is bad, unless it avers that payment of the claim could have been compelled.

APPEAL from City Court of Birmingham.

Tried before Hon. H. A. SHARPE.

Action by the Berney National Bank against S. J. Darby, on a promissory note. From a judgment for plaintiff, defendant appeals.

The defendant pleaded six pleas. The first was the general issue; the second, third, and fifth were in the following language: (2) "For further answer to said complaint, defendant pleads want of consideration." (3) "For further answer to said complaint, defendant says that long before June 28th, 1888, one J. C. Westbrook became indebted to plaintiff by note in the sum of two thousand dollars, and that, when said paper became due, said Westbrook failed to pay same, and that plaintiff refused to extend the time for the payment of same unless said J. C. Westbrook executed a new paper, with sureties; and that said Westbrook did execute to plaintiff the paper sued on, and defendant signed his name to same as a surety, wherefore defendant pleads that no consideration for his said signature passed to defendant." (5) "Defendant, for further answer to complaint, avers and pleads that when said note became due, he, being a surety thereon, requested plaintiff to collect same from J. C. Westbrook, defendant's principal, the said Westbrook at that time having ample means wherewith to pay said indebtedness; but that plaintiff refused and failed to proceed against said principal, and that now said Westbrook has departed this life, and his said estate is insolvent; wherefore defendant prays the judgment of this court that he is not liable to plaintiff in this action." The substance of the fourth and sixth pleas are sufficiently stated in the opinion. The plaintiff demurred to the several special pleas of the defendant, and, among other grounds, assigned the following: To the second, that the plea was too vague and uncertain; to the third plea, that it shows that said note was supported by legal consideration; to the fourth and sixth pleas, that said pleas fail to show any other fact than that J. B. Cobbs, Cashier, failed to file said note as a claim against the insolvent estate of Westbrook; and to the fifth plea, that said plea fails to show that said request was in writing, or that any demand was made upon plaintiff to sue Westbrook. The court sustained each of the demurrers to the several pleas. Issue was joined on the general issue, and

[Darby v. Berney National Bank.]

the cause was then tried without the intervention of a jury. The court rendered judgment for the plaintiff, and the defendant assigns as error the various rulings of the lower court upon the several demurrers.

B. K. COLLIER, for appellant, insisted that the failure to file the note as a claim against the estate of the surety was a bar to the action, citing 2 Ala. 382; 5 *Ib.* 13; 34 *Ib.* 611, and other cases.

WEBB & TILLMAN, for appellee, in support of the complaint in the name of the bank, cited 2 Daniel on Neg. Ins. § 1888; 3 Randolph, § 1657, 1 *Ib.* § 157; *Hagood v. P. & M. Bank,* 4 Ala. 299; *Alston v. Heartman,* 2 Ala. 699. That the failure to file the claim was no bar : *Evans v. Evans,* 16 Ala. 465; 2 Brick, Dig. p. 375, § 33.

McCLELLAN, J.—Action by Berney National Bank on promissory note executed by S. J. Darby, the defendant, and one Westbrook, who is not sued. The complaint alleges that said note was "payable · · · · to the plaintiff by the name and style of J. B. Cobbs, Cashier, and that the said J. B. Cobbs was at the time of making said note cashier of the plaintiff bank, and that the plaintiff was intended to be designated as payee by the use of the words 'J. B. Cobbs, Cashier." There was no indorsement of the paper by Cobbs; and the point is taken by demurrer that the complaint shows the legal title to the note to be in Cobbs, and hence that plaintiff was without right to maintain this action. The authorities are opposed to this position, and the law may be said to be well settled that in a case like this the legal title is in the bank, and it may sue in its own name, averring either that the promise was made to its agent for it, or that the agent's name was used by adoption for that of the principal. The demurrer was properly overruled.—2 Dan. Neg. Instr. §§ 1187-8-9; 1 Rand. Com. Paper, § 157; 2 Rand. Com. Paper, § 1657; Tied. on Com. Paper, § 88; *Alston v. Heartman, Treas. &c.,* 2 Ala. 699; *Hazard v. Planters & Merchants Bank,* 4 Ala. 299.

The 2d plea which was not interposed "in short by consent but is in short without consent that "defendant pleads want of consideration" is bad in that it fails to aver the facts upon which reliance is had to defeat the action. *Carmelich v. Mimms,* 88 Ala. 335; *McAfee v. Glen Mary Coal & Coke Co.,* 11 So. Rep. 881.

On the averments of the 3d plea a valuable consideration

passed to Westbrook for the obligation of himself and the defendant on this note, and it is of no consequence that the defendant himself received nothing in that behalf. The allegations of that plea so far from showing a want of consideration affirmatively show to the contrary.—*McAfee v. Glen Mary Coal & Coke Co., supra.*

The gravamen of the 4th and 6th pleas is that the principal obligor in the note sued on having died, the plaintiff failed to take the steps which the law authorized him to take to collect the amount evidenced by the note out of his estate, and hence he should not now recover from the defendant who is only surety thereon. Or, in other words, the defense attempted to be advanced by these pleas is that plaintiff by reason of his *inactivity* in respect of pursuing his remedies against the principal's estate failed to enforce and collect his claim from that source, and lost the power so to do upon the final settlement of Westbrook's estate. The release of the principal debtor in this way by operation of law which wrought the result through the mere passiveness of the creditor did not discharge the surety.—2 Brick. Dig. p. 375, § 33; *Evans' Admr. v. Evans,* 16 Ala. 465; 2 Dan. Neg. Instr., § 1326; 2 Rand. Com. Paper, § 939.

The 5th plea, which is intended to set up the defense that plaintiff failed to proceed against the principal on the demand of the surety and in consequence of such failure the claim against the principal became worthless, is bad under the statute because, first, the requisition alleged was to "collect" the claim from Westbrook, not "to bring suit thereon against the principal debtor" and, second, the requisition was not in writing.—Code, § 3153; *Savage's Admr. v. Carleton,* 33 Ala. 443; and is bad at common law in that it does not appear therefrom that the principal was then solvent in the sense that payment of the note could have been coerced by action, judgment and execution against him. The principal may then have had "ample means wherewith to pay said indebtedness" as averred in the plea, and yet an effort to enforce payment might for aught that is alleged have been entirely abortive, so that the plea fails to show affirmatively that the defendant was prejudiced by plaintiff's omission to proceed against Westbrook. 2 Brick. Dig. pp. 387–8, § 197 *et seq.*

Our conclusion, therefore, is that the demurrers to pleas were properly sustained, and our consequent conclusion that the case should not be reversed on account of the rulings with respect to the 2d, 3d and 5th pleas might be rested solely on the ground that the assignments of error which

[Brennan v. Carl Vogt & Son.]

are addressed to those rulings are not insisted on in argument.

Affirmed.