JEMIMA HAMMOND, Respondent, v. R. R. McHARGUE, Administrator, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. PRINCIPAL AND SURETY: Administrator: Notice to Sue. An administrator of a deceased surety on a promissory note, may give the holder the statutory notice requiring such holder to bring suit within thirty days.

170 Mo. App.—32

2. ———: ———: **Strict Compliance: Surety: Payee.** There must be a strict compliance with the law by the surety in giving notice to the payee of a promissory note to sue within thirty days, and there must be strict compliance by such payee.

3. ———: ———: **Notice to Sue: Certainty.** Although a notice from the administrator of a surety, to the payee of a promissory note, requiring him to sue within thirty days, contains the expression "*if* Jesse George signed said note he did so as surety," etc., it was *held* that the word "if" did not nullify the force of the notice.

4. ———: ———: **Administrator: Admission.** An administrator cannot make an admission binding the estate and when in a notice to the payee in a promissory note to bring suit on the note within thirty days, he uses the expression "*if*" deceased signed the note he did so as surety, he only states the effect of the law, and the word "if" does not nullify the notice.

5. ———: ———: **Assignment: Assignee: Notice.** Though the principal in a note has made an assignment for the benefit of his creditors, yet the payee on being notified by the surety to bring suit within thirty days, must do so notwithstanding the assignment; and the fact that the notice to sue advises the payee of the assignment, does not excuse him from bringing suit as directed.

Appeal from Mercer Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED.

*I. B. Hyde, Orton & Orton* and *A. M. Hyde* for appellant.

(1) An administrator can give the notice to sue under sections 11269 and 11270, R. S. Mo. 1909. O'Howell v. Kirk, 41 Mo. App. 523; Peters v. Linenschmidt, 58 Mo. 467; Cox v. Jefferson, 73 Mo. App. 412. (2) The notice given by McHargue was a sufficient notice under section 11269. Luper v. McGuire, 57 Mo. 360; Melcher v. Derkin, 44 Mo. 650; Queathan v. Woodmen of America, 148 Mo. App. 43. (3) Notice by administrator could be given after filing of claim on the notes by the holder in the probate court. Perry v. Barret, 18 Mo. 140.

*E. M. Harber, L. B. Woods* and *E. R. Sheetz* for respondent.

The purported statutory notice to bring suit given by the administrator is wholly insufficient. The statute being in derogation of the common law must be complied with strictly. 32 Cyc. 103. The notice must be clear and explicit and not ambiguous, and the burden is on the surety to show its nature and terms. The notice must amount to a command to sue; it is not sufficient to request, urge, suggest or advise suit. 32 Cyc. 104.

ELLISON, P. J.—Plaintiff is the assignee of two promissory notes of $1500 each. They were executed, so far as the notes show, by A. R. George, A. B. George and Jesse George, as makers, but in reality the latter was a surety for the two others; and he afterwards died, defendant McHargue being appointed his administrator. Plaintiff then, on the 28th of March, 1911, presented the notes for allowance against the estate of Jesse and they were allowed by the probate court on the 12th of February, 1912. An appeal was taken by the administrator to the circuit court, where judgment was again rendered for plaintiff. The administrator then brought the case here.

The defense is that Jesse George was a surety on the notes and that on the 3rd of April, 1911, under the provision of section 11269, Revised Statutes 1909, he notified plaintiff to bring suit within thirty days against the makers, which he alleges she failed to do and that in consequence the estate of Jesse was discharged.

It seems that A. R. and A. B. George became insolvent and, separately, on the 23rd of March, 1911, made an assignment for the benefit of their creditors, to John W. Meade, assignee. Restating the foregoing in the order of time, we find A. R. and A. B. George

made an assignment March 23, 1911, and the notes were presented to the probate court of Mercer county for allowance against the estate of Jesse George, five days afterwards, March 28, 1911, and six days after that, April 3, 1911, the notice to sue was given by the defendant, administrator of Jesse George; and on July 18, 1911, the notes were presented by plaintiff to the assignee in Daviess county. As the notice to sue affords the principal contention between the parties, we set it out, as follows:

"You are hereby notified that you hold two notes of $1500 each, dated Aug. 11, 1909, on which are the names as makers of A. R. George, A. B. George and Jesse George.

You are further notified that said Jesse George is dead and that the undersigned is the duly appointed, qualified and acting administrator of his estate; that if Jesse George signed said note he did so as surety for said A. R. George and A. B. George, and that I require you forthwith to commence suit against said prinicpal debtors A. R. George and A. B. George, and other parties liable.

You are also notified that A. R. George and A. B. George have each made an assignment of their property for the benefit of their creditors to John W. Meade of Gallatin, Daviess county, Missouri, who is authorized by law to hear and render judgment for claims of creditors against said A. R. George and A. B. George."

It has been decided that an administrator of a deceased surety may properly give notice to sue. [O'Howell v. Kirk, 41 Mo. App. 523.] But conceding that to be the law, yet plaintiff insists that the notice was insufficient in that it fails to state definitely that Jesse George was a surety on the note, in that it used the expression: "if Jesse George signed said note, he did so as surety," etc. Plaintiff says, and so the law is, that the notice must be clear and explicit. It must amount to a direction or command to sue.

[32 Cyc. 104; Savage v. Carleton, 33 Ala. 443; Darby v. Bank, 97 Ala. 643; Bates v. Bank, 7 Ark. 394; Moore v. Peterson, 64 Iowa, 423.] And so it was held by our Supreme Court in Lockridge v. Upton, 24 Mo. 184, that a notice saying the surety "would not stand good as security any longer," was insufficient, because it was not a requirement or demand; and that there should be an explicit direction to sue.

Notwithstanding the strict construction which like statutes are thus shown to have received, we think the notice in controversy is not made null by the expression "*if* Jesse George signed said notes, he did so as surety," etc. It is the administrator speaking through the notice, and being aware that he had no right or authority to make an admission binding the estate, he put the statement in the form which the law would have given it had he omitted the word "If." [Leeper v. McGuire, 57 Mo. 360; Melcher v. Derkum, 44 Mo. App. 650.]

Plaintiff suggests that the notice, if otherwise legal, was too late, as she had already begun suit by filing the notes for allowance in the probate court, and that she had a right, under section 1734, Revised Statutes 1909, to proceed against the signers of the notes, singly or jointly, as she thought proper. We think the point not well taken. That right was not intended to permit her to destroy the right of a surety to give the statutory notice to sue.

This vital question remains: Did plaintiff's failure to sue A. B. and A. R. George within the statutory limit of thirty days, discharge Jesse's estate as surety? A. B. George was a resident of Mercer county where plaintiff resided, and A. R. George resided in Daviess county. Unless plaintiff is, in some way, relieved by the facts of this case, she should have brought an action within thirty days in Mercer county, had A. B. George served there, and sent a writ to Daviess county for service on A. R. George. [Sisk v. Rosenberger.

82 Mo. 46.]   Plaintiff, however, insists that when defendant inserted in the notice the information that A. B. and A. R. George had made an assignment to an assignee who was "authorized by law to hear and render judgment for claims of creditors," he practically directed plaintiff not to bring suit and nullified the requirement he had just stated—that he "required" suit to be commenced "forthwith." We do not think this a proper interpretation of the notice as a whole. We think it meant what it said, that suit was to be immediately brought, and then in order that plaintiff might have no excuse for a lack of diligence in collecting the money on a judgment to be rendered, she was informed where that judgment could be allowed and perhaps, at least, in part paid.

But if we adopt plaintiff's construction that it was a direction to present the notes to the assignee, she failed to do so within the thirty days. It is no excuse to say that she presented it on the first day fixed by the assignee for hearing of claims. If the assignee is to be regarded as the tribunal where the notes were to be reduced to judgment, there should have been a compliance with the specific mandate of the statute by filing the notes with him. We only refer to this because mentioned by the parties. We put our decision on the ground that the notice required suit to be brought forthwith and it was not done in thirty days or any other time.

The judgment must be reversed. All concur.