## CIRCUIT COURT OF FAIRFAX COUNTY

Herman L. Courson et al.

v.

Margaret N. Simpson et al.

Case No. (Chancery) 101095

August 4, 1987

BY JUDGE F. BRUCE BACH

This matter is before the Court on Defendant Margaret N. Simpson's motion to set aside the final decree entered in favor of the Complainants on May 15, 1987. The Defendant filed her motion on July 6, 1987.

The essential facts of this case are as follows. Springfield Associates, Inc., made a promissory note naming the Estate of R. C. Nicoll as payee. The Complainants executed a deed of trust on their land to secure the payment of Springfield's debt. Defendant Margaret N. Simpson, a California resident, is the nonresident Trustee of the Estate of R. C. Nicoll.

The Springfield note became payable on September 30, 1986. On January 19, 1987, the Complainants wrote a letter to Ms. Simpson requiring her, as allowed under § 49-25, to bring suit on the Springfield debt. The letter informed her that if she failed to bring suit, the surety or guarantee on the debt would be lost. The letter also informed her that the Complainants had "assigned" sufficient funds to satisfy the debt. Neither Ms. Simpson nor anyone else sued on the debt within the thirty-day period allowed under § 49-26.

On March 24, 1987, the Complainants filed a bill of complaint seeking a declaratory judgment that all rights to proceed against their property under the deed of trust had been forfeited. The bill of complaint also

sought a release of the deed of trust or a declaration that the Trustee could no longer foreclose. Ms. Simpson was served with process under § 8.01-329. The bill related the Complainants' belief based on a search of the fiduciary records of Alexandria, Virginia, that Ms. Simpson was the sole surviving trustee. Thus, no other trustee of the Estate was served, nor was any beneficiary served. Ms. Simpson did not answer within twenty-one days. On May 15, 1987, a final decree was entered declaring that the encumbrance was discharged and that the deed of trust was released and directing the Clerk to enter the release in the appropriate records. It is this decree that the Defendant seeks to set aside.

I find that the decree of May 15, 1987, is void for want of service of process on necessary parties. Based on documents filed along with the Defendant's motion, it appears that a substitute resident trustee was appointed on August 5, 1985. He was not served with process. It is unfortunate that the Complainants were unaware of the existence of the resident trustee. However, trustees are necessary parties in suits affecting the interests of the trust and beneficiaries. *Wills v. Chesapeake Western Ry. Co.*, 178 Va. 314 (1941). Further, it appears that there is a beneficiary who also was not served. Beneficiaries of trusts whose interests may be adversely affected by a suit are also necessary parties, and the failure to join them is grounds to set aside a decree. *Simon v. Ellison*, 90 Va. 157 (1893). The resident trustee and the beneficiary must be joined.

An issue remains as to whether under § 49-25 notice only to the non-resident trustee was sufficient to invoke the provisions of § 49-26. Section 49-25 allows the "surety, guarantor or endorser, or his committee or personal representative, of any person bound on any contract" to require the creditor or his committee or personal representative to bring suit on the contract. The surety, guarantor, etc., must do this by giving written notice to the creditor after a right of action has accrued on the contract. Section 49-26 provides that the creditor must bring suit against every party to the contract who is a resident of Virginia and solvent within thirty days of being required to bring suit by the notice under § 49-25. If the creditor fails to bring timely suit, he forfeits the right to demand payment from the surety, guarantor, or endorser.

Section 49-25 states only that written notice must be given to "the creditor." It does not state who "the creditor" is in cases such as this, where there are two trustees with legal title and a beneficiary with equitable title. The Complainants argue that notice to one trustee is notice to all trustees, and that notice only to Ms. Simpson was enough. The Defen-

dant argues that notice must be provided to all trustees and all beneficiaries.

I find that the surety, guarantor, or endorser giving notice under § 49-25 must at a minimum give notice to all persons having legal title to the contract rights. By giving such notice, each trustee is afforded the opportunity to fulfill his fiduciary duties as a trustee. At the same time, this approach avoids the overburdening of the surety, guarantor, or endorser with the duty of finding out who all of the beneficiaries are and providing them with the notice.

This result is consistent with the reasoning of the Court in *Davis v. Snead*, 74 Va. (33 Gratt.) 705 (1880), that notice under the predecessor statute had to be given to the person with absolute control over the trust, to a party with the power to release the surety, guarantor, or endorser by affirmative act. Under the provisions of this testamentary trust, the trustees were given the power to "manage and control [the] estate and the trust as fully as" the testator, if living, could have. Thus, the trustees together had absolute control over the trust assets, subject only to their fiduciary duties and the general instructions in the will to provide for the support and maintenance of the minor beneficiaries.

Having such extensive control that they could have otherwise voluntarily released the Complainants' obligation, the trustees were equally capable of releasing the obligation by failing to bring suit against Springfield within the 30-day period allowed under § 49-26. However, for the trustees to release the obligation in any manner, they would have to act jointly. In executing a trust, co-trustees must act jointly unless the trust instrument specifically allows them to act severally. *Graeme v. Cullen*, 64 Va. (23 Gratt.) 266 (1873). In the case at bar, since only one trustee was joined and so only one trustee failed to sue within 30 days, the obligation could not have been released.

The Complainants knew or should have known that a resident trustee was required. The Complainants' remedy was to seek the aid of the court of equity to determine whether a resident trustee had been appointed and to appoint one if necessary. The Complainants could then have invoked their rights under § 49-25 and § 49-26 by giving written notice to both trustees requiring them to sue Springfield.

For these reasons, the decree of May 15, 1987, is set aside.

BY JUDGE ROSEMARIE ANNUNZIATA

October 18, 1994

The matter before the Court is Herman and Eleanor Courson's suit to have released a deed of trust encumbering their real property. A civil bench trial in the matter was held on June 7, 1994, after which the Court asked the parties to file briefs in support of their respective positions, and the matter was then taken under advisement.

The following facts are relevant. Plaintiff Herman Courson was the Vice President of a company called Springfield Associates, Inc. On September 30, 1981, Springfield executed two notes payable to the order of the Estate of Robert Nicoll ("the Estate"). One of Springfield's notes, the note at issue in this case, was secured by a deed of trust on the Coursons' residence.

Subsequently in 1987, in order to accomplish a refinancing of their residence, the Coursons sought to have removed the deed of trust securing the debt of Springfield to the Estate. The Coursons contend that they notified in writing Margaret Simpson, a California co-trustee of the Estate, of their desire to have her institute suit against Springfield so that the note would be paid, thus relieving the Coursons, as sureties, of their obligation. The evidence is in dispute as to whether Ms. Simpson actually received the written notice. In either case, Ms. Simpson never responded and did not institute suit as requested. The Coursons then instituted this suit in 1987 against Ms. Simpson for declaratory judgment to have the deed of trust released.

A default judgment was entered in favor of the Coursons in 1987, which was subsequently set aside on the basis that the Coursons had failed to join all of the necessary parties to the suit. In setting aside the default, Judge Bach ruled that the other co-trustee, Gordon Peyton, was a necessary party to the suit, as were the beneficiaries of the Estate, Christopher Nicoll and Lynn Nicoll Fuller. Judge Bach entered an order allowing the Coursons to amend their bill of complaint and to add the necessary parties on August 21, 1987. The Coursons filed their amended bill of complaint on December 13, 1993. The beneficiaries timely filed responsive pleadings, but the co-trustees did not.

The Coursons contend that they are entitled to have the deed of trust on their home released under the authority of Virginia Code §§ 49-25 and 49-26. Pursuant to Virginia Code § 49-25, a surety or guarantor of the debt of another may require the creditor, in this case, the Estate, to sue the

principal debtor on the underlying obligation. Va. Code § 49-26, entitled "Effect of failure of creditor to sue," provides that if the creditor fails to bring suit against the principal debtor within thirty days of the written requirement to sue issued by the surety, the surety is discharged. It is undisputed that Ms. Simpson failed to bring suit against Springfield at any time for payment of the note.

The creditor's obligation to sue, however, is not absolute. The statute makes clear that the creditor need institute suit against only those principal debtors who are residents of the Commonwealth of Virginia and who are solvent. Va. Code § 49-26. *See also, Colonial American National Bank v. Kosnoski*, 452 F. Supp. 134 (W.D. Va. 1978). At the June 7, 1994, hearing, Mr. Courson testified that at the time the notice to institute suit was sent to Ms. Simpson in 1987, Springfield Associates was bankrupt. Springfield's bankruptcy is further evidenced by Springfield's voluntary petition for bankruptcy filed on September 24, 1986, in the United States Bankruptcy Court for the Eastern District of Virginia and admitted into evidence without objection.

Since Springfield, the only principal debtor on the note, was insolvent at the time the notice to sue was purportedly sent, the Estate was not required to institute suit. The remedy provided by Va. Code § 49-26 was thus not triggered and did not operate to discharge the Coursons as sureties on the note. The Coursons' contention that Va. Code § 49-26 requires suit to be instituted against them as they were solvent at the time is strained and without authority to support it. The suit contemplated by the statute is a suit against the principal debtor, not the surety. *See, e.g., Coleman v. Stone*, 85 Va. 386 (1888); *Cole v. Ballard*, 78 Va. 9 (1883); *Updike v. Lane*, 78 Va. 132 (1883). *See also* Restatement (Second) of Security (1941) and 72 C.J.S., *Principal and Surety*, §§ 165-170 (1987). This reading is consistent with the statute's object and purpose which is to provide sureties a means to protect and preserve their remedies. *Wright v. Stockton*, 32 Va. (5 Leigh) 153 (1834), and *Norris v. Crummey*, 23 Va. (2 Rand.) 323 (1824) (If creditor fails to institute suit against principal debtor upon surety's demand, surety is discharged because creditor has impaired the remedies of the surety).

The Coursons' petition to have the deed of trust on their residence released is therefore denied. Having decided the case on this ground, it is unnecessary to address the other arguments raised by counsel at the hearing and in the briefs.

February 21, 1995

The matter before the Court is plaintiffs' Motion for Reconsideration of the Court's letter opinion issued in this case on October 18, 1994. For the reasons stated in the letter opinion and for the reasons that follow, the motion is denied.

A brief summation of the relevant facts follows. The plaintiffs in this matter, Herman Courson and Eleanor Courson, secured a note made by Springfield Associates, Inc., with a deed of trust on their residence. Mr. Courson was Springfield's Vice-President. Although the note was due on September 30, 1986, Springfield failed to make payment. In 1987, the Coursons sought to have the deed of trust removed and accordingly sent a letter to the creditor's representative demanding that suit be brought against Springfield for failure to make payment pursuant to Virginia Code § 49-26. Suit was never brought.

At the bench trial in the case, the Coursons sought the entry of a declaratory judgment discharging them from liability on the note, pursuant to Va. Code § 49-25 and § 49-26, which provide such relief to sureties upon failure of the creditor to institute suit after notice to do so has been given. While alternate legal theories were advanced by the Coursons in support of their prayer for relief, the Court, accepting *arguendo* they were sureties, denied their petition on the ground that suit was not required under the facts of this case.

The Coursons cite *Colonial American National Bank v. Kosnoski*, 716 F.2d 1025 (4th Cir. 1980), as their first ground for reconsideration. The Coursons rely on *Kosnoski* as support for their position that under Virginia Code §§ 49-25 and 49-26, the notice to sue requires the creditor to bring suit not only against Springfield, the principal debtor, but against the Coursons, the sureties, as well. As suit was brought against neither, the Coursons contend they should be discharged as sureties.

To the extent that *Kosnoski* is inconsistent with the plain language of Va. Code §§ 49-25 and 49-26 and with the law of surety in Virginia, this court respectfully declines to follow the federal court's reasoning and finds that the provisions do not require suit to be brought against the surety. In a surety relationship, there are two express contracts: (1) The contract between the principal debtor and the creditor; (2) The contract between the surety and the creditor. *Bourne v. Board of Supervisors of Henrico County*, 161 Va. 678 (1934). To determine whether the remedy of discharge is available to the Coursons, the Court must first determine which contract is referenced in the statute providing the requested relief. Va. Code § 49-26,

the statutory provision relating to the remedy available upon the creditor's failure to bring suit, states the following:

> *If such creditor,* or his committee or personal representative, *shall not,* within fifteen days after such requirement, *institute suit against every party to such contract* who is resident in this State and not insolvent . . . *he shall forfeit his right to demand of such surety,* guarantor or endorser or his estate, and of his co-sureties and their estates, *the money due by any such contract for the payment of money.*

(Emphasis added.) The phrase "such contract" in this provision has as its antecedent the contract described in the preceding section, 49-25. That code section provides that:

> The *surety,* guarantor or endorser, or his committee or personal representative, *of any person bound by any contract may,* if a right of action has accrued thereon, *require the creditor . . .* by notice in writing, *to institute suit thereon* [emphasis added].

By the plain language of this code section, the contract upon which the creditor must institute suit is the contract by which the principal is bound, not the suit by which the surety is bound. *See Colonial American National Bank v. Kosnoski,* 617 F.2d 1025, 1035 (1980) (Murnaghan, J., dissenting). This reading of the provision is furthermore consistent with the protected status historically accorded the surety. *See, e.g., Coleman v. Stone,* 85 Va. 386 (1888); *Cole v. Ballard,* 78 Va. 9 (1883); *Updike v. Lane,* 78 Va. 132 (1883); *Wright v. Stockton,* 32 Va. (5 Leigh) 153 (1834); and *Norris v. Crummey,* 23 Va. (2 Rand.) 323 (1824). *See also* Restatement (Second) of Security (1941) and 72 C.J.S., *Principal and Surety,* §§ 165-170 (1987).

I also find that relief pursuant to § 49-25 and § 49-26 is barred on the grounds that the notice to sue sent by the Coursons to the creditor demanded only that suit be brought "for breach of the obligation of Springfield Associates, Inc., to make payment under the note." (Hearing Exhibit 1.) Nowhere in the notice is there a demand that the creditor bring suit against the Coursons themselves. Accordingly, even were suit against the sureties required, the notice to sue is ineffective as to the Coursons because it fails to designate the Coursons as the parties against whom suit is to be brought, and it fails to identify the surety contract as the obligation on which the creditor is required to proceed. *See Moore v. Peterson,* 20 N.W. 744 (1884). *See also* Annotation, *Language or purport of notice to*

*proceed against principal, noncompliance with which will relieve surety,* 30 A.L.R. 1285 (1923), and 74 Am. Jur. 2d, *Suretyship,* §§ 71-75 (1974), and the cases cited therein.

Finally, I note that in their Amended Bill for Declaratory Judgment, the Coursons allege only that the creditor failed to bring suit, as demanded, against Springfield Associates. It is not alleged that demand was made that suit be brought against the Coursons, and neither is it alleged that the creditor failed to bring suit against the Coursons. Fundamental rules of pleading provide that no court can base its judgment upon a right which has not been pleaded and claimed. *Ted Lansing Supply v. Royal Aluminum,* 221 Va. 1139 (1981); *Boyd v. Boyd,* 2 Va. App. 16 (1986); and *Hur v. Virginia Department of Social Services,* 13 Va. App. 54 (1991). The rule is clearly stated in *Potts v. Mathieson Alkali Works,* 165 Va. 196 (1935):

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void.

*Id.* at 19.

The Coursons' second ground for their motion to reconsider is that the Court erroneously found that Springfield was insolvent at the time that suit was demanded of the creditor, thereby excusing the failure to sue as set forth in Va. Code § 49-26. The evidence of Springfield Associate's insolvency was uncontroverted, however. Indeed, in their Trial Memorandum and in Complainants' Response to Memoranda of Points and Authorities filed by Defendants, the Coursons concede that Springfield was generally insolvent at the time but seek to avoid the implications of the insolvency under the statutory provision by contending that Springfield was not ultimately discharged in bankruptcy. However, Va. Code § 49-26 requires only that the principal debtor be insolvent at the time suit can be brought, not that it meet the requirements of the Bankruptcy Code. Black's Law Dictionary defines insolvency as the financial condition such that a business's or person's debts are greater than the aggregate of the debtor's property. Black's Law Dictionary 797 (6th ed. 1990). In contrast, bankrupt

is defined as the condition of one whose circumstances are such that he is entitled to take the benefit of the federal bankruptcy laws. Black's Law Dictionary 147 (6th ed. 1990). The fact that a business may be insolvent does not automatically entitle the business to discharge in bankruptcy. *See* Title 11 of the United States Code. The Coursons' additional contention that they placed sufficient funds in escrow to pay the note has no bearing on the solvency of Springfield. In sum, any failure of the creditor to sue the debtor is excused by reason of the debtor's insolvency.

Finally, I find the evidence of tender of payment by the Coursons to be insufficient to permit discharge of their liability on the note as claimed. I also find the evidence does not support their discharge as a result of the discharge of the Hellwigs. And, while the Coursons advance an argument based on the statute of limitations, the Coursons failed to pursue this theory at the trial and failed to establish the bar of the statute of limitations they contended exists.

The motion to reconsider is hereby denied.